A89A1951. POOL MARKETS SOUTH, INC. v. COGGINS.
(392 SE2d 552)

COOPER, Judge.

In June 1986, appellees contracted with appellant to construct a swimming pool at their residence within thirty working days. After a series of delays and disagreements, the appellant ceased work on the pool in March 1987 and appellees filed this breach of contract suit in May 1987. A jury awarded appellees $9,961 in damages and $3,300 for attorney fees and judgment was entered thereon. This appeal followed.

Appellant's four enumerations of error all take issue with the damages awarded. The evidence showed that the contract price for construction of the pool and concrete decking was $13,475, and a separate contract for $3,050 represented the cost of a privacy fence and

retaining wall. When appellant ceased work, appellees had paid approximately $12,800 of the pool contract, plus $240 for an excavator's trip charge. They subsequently had another contractor complete the pool for $4,700; paid an additional $1,511 to complete the decking originally contracted for; and paid approximately $3,100 for the completion of the fence and retaining wall. The pool was completed in March 1988.

1. In the first enumeration, appellant contends that its motion for directed verdict should have been granted due to evidence of an improper measure of damages. In Georgia, "[w]here a building contract is breached or abandoned by the contractor without fault on the part of the other party, the measure of damages is ordinarily the reasonable cost of completion, that is, the difference between the contract price and the reasonable and necessary cost to the owner to have the [work done] in accordance with the terms of the original contract. [Cit.]" (Punctuation omitted.) *Palmer v. Howse*, 133 Ga. App. 619 (1) (212 SE2d 2) (1974). Also, a more general rule of damages is that stated in the charge given by the trial court: "[D]amages are given as compensation for injuries sustained. As a result of a breach of a contract, damages recoverable . . . are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated when the contracts were made as a probable result of such breach." See OCGA § 13-6-2. At trial, appellee wife stated that she sought a return of a portion of the contract price in addition to the costs spent to complete the project. While this is not a recoverable element of damages, this testimony by a lay witness was not sufficient to take the issue of damages from the jury, especially when there was evidence which would allow a proper calculation of damages. Although we do feel that the trial court's charge to the jury should have included the specific method to calculate damages, it is not evident to us that the testimony at trial influenced the jury to calculate damages pursuant to an improper standard. As opposed to the award considered in *Ideal Pool v. Hipp*, 187 Ga. App. 273 (370 SE2d 32) (1988), the verdict in the case *sub judice* was not in excess of the contract price.

2. Consequently, we also find appellant's fourth enumeration that the verdict is so excessive as to evidence a gross mistake to be without merit. Pursuant to OCGA § 13-6-4, a jury's award should stand absent an inference of undue bias or gross mistake. Although we do not know how the jury calculated the award, it is not so excessive as to warrant interference under the statute. *Ayers Enterprises v. Adams*, 131 Ga. App. 12 (205 SE2d 16) (1974). The award is less than the contract price and is not extremely in excess of the actual costs spent by appellees to complete the pool.

3. Appellant's second enumeration contests the denial of a di-

rected verdict on the claim of damages. Contrary to appellant's assertion, the testimony on the claim of damages at the trial revealed that "proof of damages . . . was established with reasonable certainty and that the matter was properly submitted to the jury." *Kuhlke Constr. v. Mobley*, 159 Ga. App. 777 (3) (285 SE2d 236) (1981). There was testimony by the appellee wife as to how she computed the extra money paid to complete that portion of the decking which was not a part of appellees' contract with appellant. The jury was free to evaluate the credibility of this testimony, and "we do not view this testimony as so uncertain as to warrant the direction of a verdict . . . . Reasonable certainty is all that is required." *Crankshaw v. Stanley Homes*, 131 Ga. App. 840 (2) (207 SE2d 241) (1974).

4. Similarly, we disagree with appellant's third enumeration based on the insufficiency of the evidence to support the jury's award. The appellees presented reasonably certain evidence on their damages from the breach and the cost to complete. As stated in Division 2, the award is not so excessive as to require a new trial.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 6, 1990 —
REHEARING DENIED MARCH 22, 1990.

*David L. Miller, Joseph Pelt III*, for appellant.
*Michael E. McLaughlin*, for appellees.