### A95A2187. FARMERS STATE BANK v. HUGUENIN.
(469 SE2d 34)

BEASLEY, Chief Judge.

1. This case of alleged legal malpractice comes to us after the grant of summary judgment to defendant attorney, but not on the

issue of legal malpractice. Rather, the focus is on whether the action was brought too late. The precise question is whether there is any evidence to raise an issue of fact which, if such fact is found in plaintiff's favor, would permit the application of OCGA § 9-3-96 to toll the expiration date for filing plaintiff's legal malpractice claim.

Appellant/plaintiff Farmers State Bank must produce some evidence to counter the defendant attorney's sworn statement that when he reviewed and signed the preliminary and final certificates of title, he "failed to notice" that the certificates did not reveal lifetime reservation of timber rights and hunting rights in the grantor of a deed he had drawn less than three months before he signed the preliminary certificate. He admitted that he "was aware of" and "personally knew of" the reservations at the time and contended that the omissions "were due to clerical errors by him and his staff."

The bank contends that the fraud which tolled the four-year statute of limitation until discovery of the professional negligence (and of the fraud alleged in Count 2) was in defendant's concealing, by signing the certificates, that he failed to perform the professional duties required before one signs a certificate of title, to wit, not reviewing the file, not supervising his employees (the associate and his secretary), not reaching an informed professional opinion about the title, and not proofreading the certificates against the file information. His very certifications, in other words, constitute fraud by deliberately misrepresenting to the bank, and leading it to believe, that he *had* performed within the required professional standard.

The undisputed facts establishing the setting for this dispute are as follows. On March 30, 1989, defendant prepared a fee simple deed for a conveyance of unimproved real property from father to son, with a reservation of timber and hunting rights in the father for his lifetime. A few months later the son desired to borrow money from the appellant bank, and the property was to secure the loan. The son had defendant provide the title certificates, both preliminary and final, which were accepted by the bank. Both certificates failed to reveal the reservation of rights, although they were signed by defendant attorney, who personally knew of the reservations because he had drafted the deed. A member of his staff had done the title search, and his real estate secretary had prepared the two documents.

More than four years later, in October 1993, the bank first learned of the errors from the bankruptcy attorney after the son filed for bankruptcy protection in September 1993. The trustee abandoned the property, which the bank then foreclosed on and sold with a resulting deficiency. The son's debt was discharged in the bankruptcy proceeding, and the bank filed its complaint against the attorney on August 24, 1994.

This being beyond the four-year statute of limitation, OCGA § 9-

3-25, which runs from the date of the breach of duty, see *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 244 (296 SE2d 788) (1982), the bank's action for negligence is barred unless a jury could find a fact which would support the application of OCGA § 9-3-96. That would provide the bank with four years from the date of discovery of the negligence; the complaint was filed well within this period.

The fraud which the statute provides will toll the running of the period of limitation " 'must be of that character which involves moral turpitude, and must have the effect of barring or deterring the plaintiff from his action.' [Cit.]" *Frates*, supra at 245; *Hyman v. Jordan*, 201 Ga. App. 852, 854 (2) (412 SE2d 615) (1991). Furthermore, it must be actual fraud, not merely constructive fraud. *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980). "Because [OCGA § 9-3-96] provides for a departure from the general rule [of limitation], requires actual fraud involving moral turpitude, or a breach of a duty to disclose because of a relationship of trust and confidence, and does not toll the statute unless the fraud is distinguishable from that giving rise to the cause of action, it must be strictly construed." *Trust Co. Bank v. Union Circulation Co.*, 241 Ga. 343, 344 (245 SE2d 297) (1978).

The problem with the bank's position is that it claims the fraud is the legal malpractice. Its brief states "[t]hat failure to perform even a cursory review of the file constitutes a breach of Appellee's contract, which is legal malpractice." This is the basic underlying task which appellant urges the attorney misrepresented he had done when he signed the certificate of title. A review of the file would not have told the attorney anything he did not already know, as he admits that he knew of the reservations. What he did not realize, whether from lack of cognitive connection or from not reviewing the file and thereby remembering, or from not reading the certificates before signing, was that the reservations were not stated in the certificates he signed and forwarded to the bank for its reliance in lending money to his client. The bank attempts to separate the legal malpractice, which it refers to as "failing to perform," from the statute-tolling fraud, which it refers to as intentionally "signing false certificates."

With respect to the alleged statute-tolling fraud, the bank does not contend here that the attorney deliberately misrepresented the status of the title but rather that the fraud is in what he did to determine it. Yet in its complaint the bank alleges that "the statute of limitations is tolled by the Defendant's fraud in concealing from the plaintiff his failure to report the timber reservations and hunting license on the title certificate."

Even if the certificates are regarded not only as certificates of the property title but also of the signing attorney's performance of pertinent duties in accordance with professional standards, if such latter

certification is not true it does not constitute fraud involving moral turpitude. *Frates*, supra; *Edwards v. Monroe*, 54 Ga. App. 791, 799 (189 SE 419) (1936). It does not reach this level of tort whether it is viewed as representation of a false fact (that he performed certain duties preliminary to certifying the title) or as silence, that is, concealment of a fact (that he did not perform those duties). Negligence, even gross negligence, does not generally constitute fraud involving moral turpitude. Compare *Huff v. Anderson*, 212 Ga. 32, 34 (2) (90 SE2d 329) (1955) (defining moral turpitude); *Ferrell v. Haas*, 136 Ga. App. 274, 277 (220 SE2d 771) (1975) (illustrating the elements of negligence); and *Tidwell v. Tidwell*, 92 Ga. App. 54, 57 (4) (87 SE2d 657) (1955) (defining gross negligence). It is analogous to the necessity for punitive damages to be bottomed on more than negligence or even gross negligence. See *Thomas v. White*, 211 Ga. App. 140, 141 (438 SE2d 366) (1993).

The plaintiff bank failed to produce any evidence that would support a finding of fraud which would toll the statute of limitation. *Edmonds v. Bates*, 178 Ga. App. 69 (342 SE2d 476) (1986). See generally *Brown v. Kinser*, 218 Ga. App. 385, 387 (2) (461 SE2d 564) (1995). Thus, the court did not err in granting the motion for summary judgment to defendant on the claim for legal malpractice.

2. Apart from the legal malpractice claim, the bank also asserted a separate tort claim for fraud, and in order for it to survive a motion for summary judgment, there must be some evidence from which a jury could find each of the five elements of the tort: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). A tort claim for fraud, OCGA § 51-6-1, is distinctive from the OCGA § 9-3-96-type fraud, which " ' "is not that which gives, but that which conceals, a cause of action." [Cit.]' " *Clinton v. State Farm &c. Ins. Co.*, 110 Ga. App. 417, 421 (1) (138 SE2d 687) (1964); see also *Union Circulation Co. v. Trust Co. Bank*, 146 Ga. App. 612 (247 SE2d 197) (1978).

There is no dispute that the attorney made a misrepresentation in the title certificate, which certificate was intended to induce the bank to issue a loan to the son; that the bank was justified in relying on Huguenin's title certificate, *Kirby v. Chester*, 174 Ga. App. 881, 884 (331 SE2d 915) (1985); and that the bank suffered damages as a result. A key element at issue is whether Huguenin had the requisite scienter. " 'Where there is no evidence (of) scienter, that is, that the false statement was knowingly made with false design, there can be no recovery. An innocent misstatement may amount to negligence but it is not fraud. (Cits.)' [Cit.]" *Ideal Pool Corp. v. Baker*, 189 Ga. App. 739, 740 (377 SE2d 511) (1988).

Huguenin's sworn statement is that when he reviewed and signed the preliminary and final certificates of title, he "failed to notice" that the certificates did not reveal a lifetime reservation of timber rights and hunting rights in the grantor of a deed he had drawn less than three months before he signed the preliminary certificate. He admitted that he "was aware of" and "personally knew of" the reservations at the time and contended that the omissions "were due to clerical errors by him and his staff." The bank correctly asserts to the contrary that a jury could infer from the evidence that the attorney intentionally failed to disclose the cloud on the title, given that Huguenin initially drafted the deed reserving timber and hunting rights and just three months later "failed to notice" that the title certificates he prepared did not reveal these encumbrances.

Except in plain and indisputable cases, scienter in actions based on fraud is an issue of fact for jury determination, *Hertz Corp. v. Cox*, 430 F2d 1365 (5th Cir. 1970), cert. denied, 414 U. S. 825 (94 SC 129, 38 LE2d 59) (1973), as are questions relating to whether the bank could have protected itself by the exercise of proper diligence. *Wiederhold v. Smith*, 203 Ga. App. 877, 878 (1) (418 SE2d 141) (1992). Furthermore, " ' "[f]raud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to (sustain a finding) of its existence. (Cit.) It is peculiarly the province of the jury to pass on these circumstances. (Cits.)" (Cits.)' [Cit.]" *Turner Outdoor Advertising v. Fidelity Eastern Fin.*, 185 Ga. App. 815, 816 (366 SE2d 201) (1988). See also OCGA § 23-2-57. Compare *Paul v. Joseph*, 212 Ga. App. 122 (441 SE2d 762) (1994). Accordingly, the court erred in granting summary judgment on this claim.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 14, 1996.

*Kerry S. Doolittle*, for appellant.
*Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye*, for appellee.