A97A2096. DECKERT et al. v. FOSTER et al.

(495 SE2d 656)

POPE, Presiding Judge.

In this case, the trial court granted summary judgment against homebuyers who claim that the seller's real estate agents passively concealed defects in the property.

Debbie and Robert Deckert purchased a home that contractor Steve Foster built on a steep slope. To control drainage and erosion, Foster terraced the slope, built retaining walls, and contoured the lot to direct drainage away from the home. Keg Realtors, Inc. and its employees, Diane Childress and Dirinda Maxwell, acted as Foster's agents for the sale. Within a month or two after the sale, some of the drainage systems failed, causing excessive rainwater runoff and erosion problems. The Deckerts sued Foster and the real estate agents, Childress and Maxwell. They charged that even though Maxwell and Childress knew Foster had experienced severe erosion problems on the lot during construction, the agents did not tell the Deckerts about those problems. We affirm the trial court's grant of summary judgment on the claims against the agents. First, the natural slope of the lot placed the Deckerts on notice that the property was naturally subject to runoff and erosion. Second, erosion occurring during construction did not put the agents on notice that the steps Foster took to control drainage would not work.

The only issue the Deckerts raise on appeal is their claim of passive concealment, which is a type of fraud and an exception to the rule of "caveat emptor." *Wilhite v. Mays*, 140 Ga. App. 816, 817-818 (3) (232 SE2d 141) (1976), aff'd, 239 Ga. 31 (235 SE2d 532) (1977). "That exception places upon the seller [or agent] a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision. [Cits.]" *Wilhite*, 140 Ga. App. at 818. "In cases of passive concealment by the seller or agent of defective realty, the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect could not have been discovered by the buyer in the exercise of due diligence and that the seller or agent was aware of the problems and did not

disclose them." (Citation and punctuation omitted.) *Ben Farmer Realty Co. v. Woodard,* 212 Ga. App. 74, 76 (441 SE2d 421) (1994). Although the Deckerts also cite to OCGA § 10-6A-5 (b), that statute places on the agents no duties in addition to those imposed by case law.

The Deckerts alleged, and the trial court agreed, that Maxwell and Childress knew the lot experienced erosion problems before and during the period Foster was building the house. On several occasions, dirt had washed down from the lot and onto the adjoining roadway. In July 1994, during a severe period of flooding, rainwater washed out terraces that Foster had begun to build. But those problems, the record shows, occurred before the systems designed to control erosion were fully completed.

First, the agents were not required to tell the Deckerts that their lot was prone to runoff and erosion if proper drainage control systems were not installed. From the steep grade of the slope, any prospective buyer should have known that runoff would occur unless proper drainage control systems were installed. See *Smith v. Stanley,* 223 Ga. App. 334, 335 (477 SE2d 618) (1996) (grade of terrain put purchaser on notice of drainage patterns); *Miller v. Clabby,* 178 Ga. App. 821, 822 (344 SE2d 751) (1986) (fact that pasture was "low-lying" area bounded by swamp and creek was factor placing purchasers on notice of its tendency to flood in wet weather). Therefore, the fact that erosion had occurred on the steep slope during construction was not a material defect the agents had to disclose.

Second, erosion problems which occurred prior to completion of the drainage control systems were insufficient to make the agents aware that the property would continue to experience erosion after Foster fully terraced, contoured, and sodded the property. As Foster testified, these controls were necessary to prevent the naturally occurring drainage which would otherwise erode the slope. Foster testified he experienced no problems with drainage control between the time he completed the bulk of the erosion control work and the time the parties closed the purchase. The Deckerts admit in their appellate brief that "the landscape structures appeared to be properly built and functioning at the time of the sale." Because the prior erosion did not put Maxwell or Childress on notice of a defect in Foster's drainage systems, the trial court properly found they did not knowingly conceal any such defects from the Deckerts. As no evidence shows the agents knew the erosion control systems were defective or would not work, the trial court properly granted summary judgment on this passive concealment claim. See *Ben Farmer Realty,* 212 Ga. App. at 77. See generally *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1998

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellants.

*O'Neal, Long & Hall, Michael J. Long, Lisa R. Coody*, for appellees.