A98A0521. LLOYD v. KRAMER et al.
(503 SE2d 632)

Judge Harold R. Banke.

Ann Lloyd sued her podiatrist, Jerald N. Kramer and his professional corporation, Dr. Jerald N. Kramer, P. C., for medical malpractice, fraud, battery, breach of fiduciary duty, punitive damages, and

costs. Enumerating two errors, Lloyd contests the partial summary judgment awarded to Kramer on all her claims except for malpractice.

The underlying case arose after Kramer operated on Lloyd's right foot. Lloyd asserted that Kramer subjected her to inappropriate and unnecessary surgery during which he fused the joints of three toes and inserted pins in them and also performed a metatarsal osteotomy to shorten her second toe. Lloyd alleged that in obtaining her consent to medical treatment, Kramer fraudulently, knowingly, and deliberately made material misrepresentations both as to the nature of her medical condition and as to the need for surgery to correct it.

In moving for partial summary judgment, Kramer attacked one of the requisite elements of a fraud claim, claiming that Lloyd failed to show that he made a false representation to her with the intent to deceive. In granting partial summary judgment, the trial court found that Lloyd failed to offer evidence to show that Kramer knew that the procedures were unnecessary or that Kramer made fraudulent misrepresentations to her. The court decided that the written consent to medical treatment form foreclosed the battery claim. The court held that because Lloyd's claim for breach of fiduciary duty was based on fraud and battery, it necessarily failed. Lloyd appeals this judgment. *Held*:

1. Lloyd contends that the trial court erred in granting partial summary judgment. She claims that the record is replete with evidence from which fraud can reasonably be inferred.

Since fraud is inherently subtle, slight circumstances of fraud may be sufficient to establish a proper case. *McNeil v. Cowart*, 186 Ga. App. 411, 412 (1) (367 SE2d 291) (1988). OCGA § 23-2-57. "Proof of fraud is seldom if ever susceptible of direct proof, thus recourse to circumstantial evidence usually is required." *McNeil*, 186 Ga. App. at 412 (1). Moreover, "[i]t is peculiarly the province of the jury to pass on these circumstances [showing fraud]." *Farmers State Bank v. Huguenin*, 220 Ga. App. 657, 661 (2) (469 SE2d 34) (1996). " 'Except in plain and indisputable cases, scienter in actions based on fraud is an issue of fact for jury determination.' [Cit.]" *Huguenin*, 220 Ga. App. at 661 (2). This is not such a case.

Lloyd's evidence, when viewed in a light most favorable toward her, indicates that Kramer engaged in a pattern of misdiagnosis and needless but profitable operations. Lloyd's expert, W. Allen Boyce, M. D., a board-certified orthopedic surgeon, testified that Lloyd had a Morton's neuroma, a condition "easily distinguishable" from the hammer toe deformity for which Kramer improperly treated her. The gist of Boyce's testimony was that the conditions of hammer toe and Morton's neuroma are distinct, not overlapping, and hard to inadver-

tently confuse.[1] Based on his examination of Lloyd and her medical records including her x-rays, Boyce determined that Lloyd never had any symptoms of hammer toes. In Boyce's professional opinion, Kramer performed unnecessary and inappropriate surgery. Boyce stated that the usual remedy for a Morton's neuroma is simply to wear a larger shoe size and the most extreme treatment is to snip the affected nerve after which the patient can walk away unassisted.[2]

Lloyd testified that Kramer misled her into believing the surgery was necessary to remedy a neuroma and that Kramer failed to tell her that her joints would be fused and rendered permanently rigid. Kramer admitted that he told Lloyd that without the surgery her prognosis would be "poor."

Lloyd offered colorable circumstantial evidence indicative of a pattern whereby Kramer made material misrepresentations to his patients of their medical conditions. It is undisputed that Kramer diagnosed Lloyd's left foot, her mother's foot and her husband's as having hammer toe deformities. Yet, Lloyd's expert testified·that notwithstanding Kramer's diagnosis to the contrary, neither Lloyd, nor her mother, nor her husband exhibited symptoms of hammer toe deformities.[3] According to William Lloyd, Kramer diagnosed and treated him for a neuroma, yet on his second visit, Kramer told him he might have to have the same type of operation as his wife had.

Moreover, Kramer's own expert, Dr. Mark Shaffer, a fellow practicing podiatrist, attested that he performs the hammer toe procedure at issue here in only two to five percent of his patients having that condition, resulting in no more than fifteen or twenty such operations per year.[4] Kramer, however, did 225 hammer toe surgeries during the year of Lloyd's operation.

Moreover, Lloyd asserted that Kramer altered her medical records after the surgery to falsely indicate that Kramer informed her that she had a hammer toe condition. An employee of Kramer admitted that she added, after the fact, a notation to the "welcome form" to indicate that Lloyd had a hammer toe condition. According to Lloyd, the consent form was altered after she signed it to reflect

---

[1] Morton's neuroma is an inflammation or irritation of a nerve usually occurring in the web space between the third and fourth toe. A hammer toe deformity usually occurs in the second toe in which the main joint is bent upward like a claw, and is caused by an abnormality of the tendons in the toe.

[2] Lloyd's recovery consumed many months, required wearing a cast, the use of a walker, and necessitated physical therapy.

[3] Based on professional examinations of Lloyd's mother and husband, Dr. Boyce determined that neither of them had any hammer toe deformity.

[4] A deposition not considered by a trial court, may be considered on appellate review to determine the existence of disputed material facts. *Bishop v. Mangal Bhai Enterprises,* 194 Ga. App. 874 (1) (392 SE2d 535) (1990). See *Miller Grading &c. v. Ga. Fed. &c. Assn.,* 247 Ga. 730, 734 (3) (279 SE2d 442) (1981).

that the surgery was to correct a hammer toe condition.

After construing this evidence more favorably toward Lloyd, as we must in this procedural context, we conclude that in light of these disputed material facts, Kramer was not entitled to summary judgment on the fraud count. *Edwards v. Edwards*, 267 Ga. 780, 781-782 (2) (482 SE2d 701) (1997). Whether Kramer made material misrepresentations to Lloyd as to her diagnosis and whether Kramer deliberately misled her as to the necessity of the procedure, are controverted. Although Kramer correctly asserts that Lloyd will have to prove each element of her fraud claim, including scienter, we cannot say on the disputed evidence before us that Kramer was entitled to judgment as a matter of law. Compare *Cole v. Jordan*, 161 Ga. App. 409, 410-411 (3) (288 SE2d 260) (1982) (physical precedent only).

Similarly, the battery issue should not have been subjected to summary adjudication. As a general rule, no tort is committed against a person who consents to medical treatment unless that consent is not freely obtained or is obtained by fraud. *Harris v. Tatum*, 216 Ga. App. 607, 608 (1) (b) (455 SE2d 124) (1995). A valid general consent negates any actionable claim for battery. *Hutcheson v. McGoogan*, 162 Ga. App. 657, 659 (292 SE2d 527) (1982). See OCGA § 31-9-6 (d) (fraudulent misrepresentations of material facts will annul an otherwise valid written consent).

In light of the inconsistencies between the testimony of Lloyd and Kramer regarding alleged misrepresentations relating to Lloyd's consent, Kramer did not establish as a matter of law that he was entitled to judgment on the battery claim. *Joiner v. Lee*, 197 Ga. App. 754, 758-759 (2) (399 SE2d 516) (1990).

2. Having determined that material issues of disputed fact precluded summary judgment on the fraud and battery issues, we find that a jury must similarly resolve the claims for breach of fiduciary duty, punitive damages, and expenses of litigation. *Carco Supply Co. v. Dick Clem &c.*, 194 Ga. App. 566, 567 (6) (391 SE2d 134) (1990) (punitive damages and attorney fees under OCGA § 13-6-11 may be recoverable when evidence proves fraud).

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 3, 1998 —
RECONSIDERATION DENIED JULY 13, 1998 — ▉▉▉▉▉▉▉

*Ford & Harrison, John L. Monroe, Jr., Ross E. Longood,* for appellant.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, Paul J. Pontrelli*, for appellees.