S98A0882. CLAY et al. v. CLAY et al.
(501 SE2d 208)

FLETCHER, Presiding Justice.

George Clay brought suit individually and as co-executor of his mother's estate against his brother Lloyd Clay to set aside a deed to his brother from their mother. The trial court granted Lloyd's motion for summary judgment and we affirm.

At issue in this case is a 2.10-acre tract of land in Rabun County that was owned by Lena Clay, mother of George and Lloyd. George claims that the deed conveying the property to Lloyd is forged and that Lena lacked the capacity to execute the deed. Lloyd filed a motion for summary judgment supported by affidavits of the witnesses to the deed. These witnesses testified that Lena Clay was in good physical and mental health the day she executed the deed and that she executed it freely and with full knowledge of its contents. Thus, Lloyd came forward with competent evidence of his mother's mental capacity on the day of the deed's execution and of the genuineness of her signature. In response George was required to come forth with specific evidence giving rise to a triable claim.[1] George's response, however, failed to raise a genuine issue of material fact on these issues. Rather, his response rested on no specific evidence relating to Lena's competency on the day the deed was executed or the genuineness of her signature. While fraud may be proved by slight circumstances, it must amount to more than mere speculation. Therefore, the trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 8, 1998.

*Whelchel & Dunlap, Thomas S. Bishop,* for appellants.

*McClure, Ramsay & Dickerson, Allan R. Ramsay, James E. Cornwell, Jr.,* for appellees.

---

[1] *Lau's Corp., Inc. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).