## A98A2415. BROWN v. MANN et al.
### (514 SE2d 922)

BLACKBURN, Judge.

Regina Brown appeals from the jury's verdict rendered against her in the underlying action for fraud brought by Timothy and Annette Mann. On appeal, Brown contends that the trial court erred in denying her motion for j.n.o.v. and in its instructions to the jury. For the reasons set forth below, we affirm.

1.

Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to

uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motion for directed verdict and new trial will not be disturbed.

(Punctuation omitted.) *John Crane, Inc. v. Wommack*, 227 Ga. App. 538 (2) (489 SE2d 527) (1997).

(a) Brown contends that the evidence failed to establish that she had either actual or constructive knowledge of the existence of the buried tires.

The evidence established that the Manns purchased a four-acre tract of real property from Brown upon which they intended to construct a mini-warehouse facility. After acquiring title, gaining possession, and beginning excavation for the planned facility, the Manns discovered that thousands of used motor vehicle tires had been buried on the property. In order to complete the planned commercial development of the property, it was necessary to remove the tires, dispose of them, and perform further site work required by the removal of the tires.

The Manns filed the underlying action in fraud alleging that Brown knew the tires were buried on the property, had not disclosed the presence of the tires, and had made affirmative representations that she had no knowledge of any fact which would materially or adversely affect the value of the property. Brown denied any knowledge of the buried tires prior to the time the Manns discovered them.

However, the jury was authorized to disbelieve Brown's testimony that she did not know that there were tires buried on the property. The entire section of property at Wade Green Road and Highway 92 was originally owned by Brown's father. This was a large continuous tract of land on which Brown's father ran a gin stand, a saw mill, and a grist mill. Brown's father also raised cotton. Brown was raised in a house on her father's land.

In 1949, Brown's brother began operating a body shop on a portion of the land. Brown's brother used the portion of the property at issue in this case as a junk yard where he stored junk cars and thousands of tires. Brown admitted that he buried tires in 1969 and 1970 on the portion of property eventually purchased by the Manns. There was additional evidence which would permit the conclusion that some tires were buried at a later date, perhaps as late as 1992.

Brown lived directly across the street from the property at issue since 1968. Upon her father's death in 1979, Brown and her brother inherited the land including the property eventually sold to the Manns. At the time that Brown and her brother inherited the property, Brown's brother was still maintaining a junk yard on the portion of land eventually purchased by the Manns which was directly

across the street from Brown's house. In 1992, Brown and her brother partitioned the property they inherited from their father, giving Brown the property in question. Around that time, Brown was aware that the county had required Brown's brother to clean up the tires on the property due to a mosquito problem. The neighbors were aware of the mosquito problem and testified that Brown's brother buried some tires after the county required him to clean up the property.

Brown testified that she knew there were tires on the property because she could see them from the road. Several of the neighbors not only knew that there had been tires stored on the property, but that there were tires actually buried there. The property was known as a junk yard prior to the time Brown sold it to the Manns.

> Since fraud is inherently subtle, slight circumstances of fraud may be sufficient to establish a proper case. OCGA § 23-2-57. Proof of fraud is seldom if ever susceptible of direct proof, thus recourse to circumstantial evidence usually is required. Moreover, it is peculiarly the province of the jury to pass on these circumstances showing fraud. Except in plain and indisputable cases, scienter in actions based on fraud is an issue of fact for jury determination.

(Citations and punctuation omitted.) *Lloyd v. Kramer*, 233 Ga. App. 372, 373 (1) (503 SE2d 632) (1998).

There was some evidence from which a jury could infer that Brown knew of the buried tires, especially if the jury chose to disbelieve Brown's testimony. Such a choice is well within the jury's province. Under these circumstances, the trial court correctly denied Brown's motion for j.n.o.v. on the issue of scienter.

(b) Brown contends that the evidence was insufficient to establish that the Manns justifiably relied on her statements.

In order to prove justifiable reliance, the Manns must have shown that the defect could not have been discovered by them in the exercise of due diligence in the purchase of the property. See, e.g., *Hanlon v. Thornton*, 218 Ga. App. 500, 501 (462 SE2d 154) (1995); *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754, 755 (2) (371 SE2d 217) (1988); see also *Deckert v. Foster*, 230 Ga. App. 164 (495 SE2d 656) (1998).

The Manns testified that they walked the property at least a half-dozen times. They walked the property with a realtor and a site engineer. They obtained a boundary survey, a topographic survey, and a percolation test on the property. The lender performed an appraisal of the property. They inquired about the property's prior use and were told that it was farm land. The Manns' site engineer

testified that he walked the property several times before he started any surveying or design work and that he saw nothing that caused him any concern. He testified that he had no reason to think that an environmental impact study or anything of that nature was necessary.

Based on these facts, a jury was authorized to find that the Manns exercised due diligence in the purchase of the property at issue, and that the trial court did not err in denying Brown's motion for j.n.o.v. on this issue.

2. In three enumerations of error, Brown contends that the trial court erred in its charge to the jury.

(a) Initially, Brown contends that the trial court erred by giving plaintiffs' Request to Charge No. 8 which read: "Ladies and gentlemen, I charge you that fraud may be consummated by agents employed to deceive."

While Brown recognizes that this is a correct statement of the law, see OCGA § 23-2-56, she argues that it is not adjusted to the facts of this case because the only agent involved was the real estate agent who was actually a dual agent. Brown contends that, when a dual agency is involved, neither principal is liable to the other for the tortious conduct of the agent — here the allegedly fraudulent misrepresentations or concealments of the agent — absent proof that the opposite principal was in complicity with the agent or in some way participated in the tortious act.

The evidence is clear that the real estate agent told the Manns that the property had been used as farm land, despite the fact that for the 24 years prior to the sale it was actually used as a junk yard for a wrecker service operated by Brown's brother. The jury was authorized to find that the agent was in complicity with Brown based on the facts before it. Therefore, the trial court did not err in giving the requested charge.

(b) In two enumerations of error, Brown contends that the trial court erred in failing to give charges she requested. "In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Punctuation omitted.) *Lee v. Bartusek*, 205 Ga. App. 551 (1) (422 SE2d 570) (1992). The charges requested by Brown either were not adjusted to the facts of the case or were covered by the court's general charge.

*Judgment affirmed. Johnson, C. J., Andrews, Smith, Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur. McMurray, P. J., dissents.*

McMurray, Presiding Judge, dissenting.

Plaintiffs filed this fraud action alleging that defendant knew

the tires were buried on the property, had not disclosed the presence of the tires, and had made affirmative representations that she had no knowledge of any fact which would materially or adversely affect the value of the property. Defendant denied any knowledge of the buried tires prior to the discovery by plaintiffs and the evidence at trial failed to provide more than speculation and conjecture in support of the scienter element of plaintiffs' claim.

It is uncontroverted that the scienter issue turns on whether defendant had actual or constructive knowledge of the existence of the buried tires. In my view, the evidence at trial suggests no more than a possibility that defendant had any knowledge of the buried tires, and this was not sufficient to authorize the plaintiffs' verdict. In order to authorize a verdict, circumstantial evidence must not only support that conclusion, but also render all inconsistent conclusions less probable. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780-781 (257 SE2d 186). Inferences must be based on probabilities rather than possibilities. *Cohen v. Hartlage*, 179 Ga. App. 847, 851 (348 SE2d 331). I suggest that there is no evidence recited in the majority opinion or appearing on the face of the record which will support a reasoned conclusion that it was more likely than not that the defendant knew of the buried tires prior to their discovery by plaintiffs.

"While fraud may be proved by slight circumstances, it must amount to more than mere speculation." *Clay v. Clay*, 269 Ga. 527 (501 SE2d 208). In my view, the sum total of plaintiffs' evidence provides no more than a foundation for speculation. There is no reason provided to infer that the presence of tires on the premises would suggest that they were being buried rather than being carried away. And, despite the issue being clearly controverted, plaintiffs provided no proof that the burial site of the tires, on the far side of the tract which sloped downward from the road, was visible from defendant's residence. There was no evidence of defendant having observed or been told of tires being buried. See also *Wilson v. Phillips*, 230 Ga. App. 290, 291 (495 SE2d 904).

In view of the failure of proof of the element of scienter, I respectfully dissent. I would grant defendant's motion for j.n.o.v.

DECIDED MARCH 19, 1999 —
RECONSIDERATION DENIED MARCH 29, 1999.

*Banks, Stubbs & Neville, Robert S. Stubbs III*, for appellant.
*Donald L. Mize*, for appellees.