## A04A2198. CENTRAL AUTO SALES, INC. v. POORE.
(612 SE2d 59)

BARNES, Judge.

Tom Poore sued Central Auto Sales, Inc. alleging breach of contract and fraud, and following a jury trial was awarded a judgment of $10,700. Central Auto filed a motion for new trial and, in the alternative, a motion for new trial on condition, which was denied. Central Auto now appeals the denial of this motion, and maintains that the verdict and money judgment were not supported by the evidence. Upon review, and finding the legal standard of any evidence supported, we affirm.

In reviewing a jury verdict after the denial of a motion for new trial, we follow these well-established principles:

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motion for directed verdict and new trial will not be disturbed.

(Citation omitted.) *Brown v. Mann*, 237 Ga. App. 247-248 (1) (514 SE2d 922) (1999).

Viewed in this light, the evidence shows that in September 1998, Poore leased a beige Toyota truck from Central Auto. The lease was assigned to First Union Bank. The truck was listed for $16,338 and its vehicle identification number (VIN) ended with "585." The finance manager, however, prepared the lease agreement using information from a white Toyota truck listed at $17,036, VIN ending with "715." Although Central Auto discovered the mistake when it dealer-traded the white truck, it did not notify Poore. Central Auto testified that all the documents were corrected before they were sent to First Union, and prior to titling.

Poore had no problem getting a tag or tag decal in 1999 and 2000; however, he was unable to obtain a 2001 decal because of a problem with his title. After repeated trips to the county tax commissioner's office, and two additional temporary decals, he was told that the "title was titled to another vehicle." Poore checked his lease contract and discovered that his leased truck was the white one. He was told to contact First Union to get the title released so that the problem could

be corrected, but was unsuccessful. From 2001 until July 25, 2003, the week of his trial, Poore was not able to get a tag or decal for his truck. He admitted that he operated the truck "on a limited" basis during this time. Although Central Auto's tag and title clerk testified that she discovered the error before sending the title information to the State, in June 2002 the same clerk had sent Poore a letter stating that,

> I contacted the Department of Motor Vehicle last week and learned that someone had reported a discrepancy between your vehicle and another Tacoma. Upon completion of my investigation into this matter, I discovered that the information given to the State of Georgia was incorrect.

Although Poore had these problems with the decal, he wanted to keep the truck and after his last lease payment in October 2002, Poore paid the residual of $9,612.72 and purchased the truck.

1. Central Auto first argues that the trial court erred in denying its motion for new trial because there was no evidence that its action or inaction caused Poore's inability to obtain his tag decal.

As noted above, this court "can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported." (Citation and punctuation omitted.) *Flynn v. Mack*, 259 Ga. App. 882, 883 (1) (578 SE2d 488) (2003). Moreover, "the jurors are the sole and exclusive judges of the weight and credit given the evidence." (Punctuation and footnote omitted.) *Hensley v. Henry*, 246 Ga. App. 417, 419 (1) (541 SE2d 398) (2000).

Here, the evidence clearly showed that because of Central Auto's error, the VIN on Poore's lease agreement was wrong, that the DMV at some point put a hold on Poore's tag, and that in 2001, when Poore was unable to get his tag decal, Central Auto told Poore that the reason he could not get his tag was because there was a problem with his registration. Further, although Poore was able to get his tag decal for two years, apparently when the DMV's computer system became available, the system detected Central Auto's original error and he was denied his tag decal until the error was corrected. Thus, we conclude that although the evidence conflicted in some respects, some evidence was presented showing that Poore was unable to get his tag decal because of the problems caused by Central Auto's error. We reject Central Auto's attempt to add evidence to the record after the conclusion of the trial. If this evidence had probative value, it should have been presented to the jury.

2. Central Auto also contends that the amount of the money judgment is not supported by the evidence. It argues that the measure of

damages in an action for fraud is the actual loss sustained as a result of the fraud. *Wilson Welding Svc. v. Partee*, 234 Ga. App. 619, 620 (507 SE2d 168) (1998). Central Auto does not maintain what this loss would be, but argues that damages representing "fifty percent of the MSRP" are not supported by the evidence.

> As to damages, a jury must be able to calculate the amount of damages from the data furnished and it cannot be placed in a position where an allowance of loss is based on guess-work. A jury must be able to calculate loss with a reasonable certainty. The party claiming damages carries not only the burden of proving the damages, but also furnishing the jury with sufficient data to estimate the damages with reasonable certainty. It is not necessary, however, that the party on whom the burden thus rests should submit exact figures.

(Citations and punctuation omitted.) *Paul Davis Systems of Savannah v. Peth*, 201 Ga. App. 734, 735-736 (1) (412 SE2d 279) (1991). Further, Central Auto calculates Poore's loss too narrowly. Not only did he lose the unrestricted use of the truck when he could not get a tag decal, by paying a lease amount based on the higher-priced white truck, Poore paid more overall during the lease period to lease his beige truck. Moreover, he paid a higher residual value to purchase the white truck at the end of the lease, when the actual residual value of the beige truck would have been less. Additionally, the beige truck will always have a lesser value than the more expensive white truck he actually paid for. Accordingly, there was testimony on the claim of damages from which the jury could determine such with reasonable certainty.

Furthermore, "[p]ursuant to OCGA § 13-6-4, a jury's award should stand absent an inference of undue bias or gross mistake. Although we do not know how the jury calculated the award, it is not so excessive as to warrant interference under the statute." (Citation omitted.) *Pool Markets South v. Coggins*, 195 Ga. App. 50, 51 (2) (392 SE2d 552) (1990).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 16, 2005.

*Jones, Cork & Miller, Hubert C. Lovein, Jr., Callie E. Bryan*, for appellant.

*Shane M. Geeter*, for appellee.