71532. DUBLIN LIVESTOCK & COMMISSION COMPANY, INC. et al. v. DAY.
(341 SE2d 913)

BENHAM, Judge.

At an auction of goods belonging to appellant Dublin Livestock & Commission Company, Inc. ("Dublin"), appellee submitted the final bid on a truck, tendered a check to the auctioneer's bookkeeper, and received a receipt indicating that he had bought the truck. Dublin subsequently refused to deliver the truck, contending that the truck had been withdrawn from auction prior to the auctioneer's announcement of the sale to appellee. Appellee brought suit against the corporate defendant; against Cochran, one of its two stockholders (the one who purported to stop the sale of the truck); and against the individual to whom the truck was later sold by appellant Dublin. This appeal is from the grant of partial summary judgment to appellee declaring title to the truck to be in appellee.

Appellants contend that questions of fact exist concerning the timing of their withdrawal of the truck from the auction and that summary judgment was, therefore, improper. Assuming that there are questions of fact on that issue, we find them irrelevant to the resolution of this appeal.

The uncontradicted evidence before the trial court showed that the auctioneer was engaged by Dublin as its agent to conduct the auction. Advertisements for the auction were prepared by the auctioneer and shown to Cochran more than a week before the auction. The advertisement stated that the auction would be "absolute" and that everything would be sold for the highest dollar bid. At the beginning of the auction, the auctioneer announced to the crowd, of which Cochran and the other shareholder of Dublin were members, that "we don't reserve the right on anything."

" '[I]f one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has.' [Cit.]" *Arrington &c. Ford v. Jinks*, 154 Ga. App. 785, 787 (270 SE2d 27) (1980). The evidence in this case demands the conclusion that the auctioneer acted as Dublin's agent in arranging and conducting the auction; appellants, under the authority quoted above, may not now deny that the auction was conducted as one without reserve by their agent.

"In an auction without reserve, after the auctioneer calls for bids on an article or lot, that article or lot cannot be withdrawn unless no bid is made within a reasonable time." OCGA § 11-2-328 (3). Since appellants admit that appellee's bid came before the attempt to withdraw the truck, the sole circumstance mentioned in the statute as permitting withdrawal did not exist. It follows that the sale to appellee was final and that the trial court did not err in entering partial summary judgment for appellee.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

Decided February 25, 1986.

*Judson L. Green III*, for appellants.
*Peter F. Larsen*, for appellee.