A04A0877. MOSS v. HUDSON & MARSHALL, INC. et al.

(599 SE2d 279)

ELDRIDGE, Judge.

Appellee/defendant Hudson & Marshall, Inc., an auction company, auctioned a 775-acre farm owned by Jane Shaw ("Shaw") individually, and the remainder by Shaw and her husband John Shaw jointly, at a public auction under separate written contracts entered into with each in February 1998. Appellant/plaintiff Larry Moss attended the April 4, 1998 auction and was the high bidder on a portion of the real property owned by Shaw. However, after the bidding was closed by the fall of the auctioneer's hammer, Hudson & Marshall told Moss that the sale of the property could not be consummated because Shaw had declined to confirm the sale. Moss sued Hudson & Marshall and Shaw for damages, averring breach of contract, breach of warranty of authority, fraud, unfair or deceptive business practices, and entitlement to the award of litigation expenses under OCGA § 13-6-11; Shaw cross-claimed against Hudson & Marshall for breach of duty as her agent, this subject to her liability in the trial of the main case. Hudson & Marshall filed its motion for summary judgment against Moss on the issue of liability. Moss thereafter amended his complaint to add counts averring civil conspiracy and tortious interference with contractual relations. Moss appeals from the Bibb County Superior Court's grant of summary judgment for Hudson & Marshall, contending that a contract for the sale of the property was formed at the time the auctioneer's hammer fell and that Hudson & Marshall is liable for breach thereof. Finding that Shaw explicitly reserved the right to accept or reject Moss' successful bid and that no contract was formed, we affirm.

The February 1998 agreement as between Hudson & Marshall and Shaw authorized Hudson & Marshall to auction Shaw's property

"subject to a reserve price of $750,000." Further, the agreement granted Hudson & Marshall authority to sign any memorandum of sale on behalf of Shaw and to receive the purchase price for the property or a 15 percent deposit thereon from the purchaser to bind the purchaser until closing. It is undisputed that the promotional material for the auction provided no additional reservation of right in the seller; that Moss as high bidder on Shaw's property met her reserved price; that Shaw did not sign the memorandum of sale prepared by Hudson & Marshall memorializing Moss' high bid on the property immediately after the auction; that, in a further agreement with Hudson & Marshall entered into on April 10, 1998, Shaw made her agreement to sell her property for $750,000 contingent upon the sale of her husband's property and her property in an amount sufficient to "pay[ ] off [his] bank obligations of approximately $500,000. In other words, all properties must realize $1,250,000"; that, on June 5, 1998, in a transaction brokered by Hudson & Marshall, Shaw sold her property to a third party; and that by letter, dated June 10, 1998, Hudson & Marshall notified Moss that it had been unable to secure Shaw's acceptance of his high bid on her property at the April 4 auction. However, by their affidavits in support of and against summary judgment, the parties part company on the issue of whether Hudson & Marshall's auctioneer announced before the start of the auction that successful bids were subject to a right of confirmation, i.e., a reservation of right in the seller to accept or reject the successful bids after the auction. *Held*:

On motion for summary judgment under OCGA § 9-11-56, the movant may prevail by (1) submitting evidence which negatives an essential element of the plaintiff's case, or (2) showing the absence of evidence supporting the case as to any essential element. *Caven v. Warehouse Home Furnishings Distrib.*, 209 Ga. App. 706 (434 SE2d 532) (1993). If this burden is discharged by the movant, the nonmovant cannot rest on its pleadings, but instead must come forward with specific evidence giving rise to a triable issue. *Speir v. Krieger*, 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998).

Moss argues that an irrevocable contract for the sale of the property in issue was formed at the time the auctioneer's hammer fell and that Hudson & Marshall is liable for breach of that contract. Generally,

> even if an auction is with reserve (and all auctions are presumed to be with reserve unless they are expressly stated to be without reserve),[1] the seller must exercise his right to

---

[1] " 'In an auction without reserve, after the auctioneer calls for bids on an article or lot, that

withdraw the property from sale before the auctioneer accepts the high bid by letting his hammer fall; immediately after the hammer falls, an irrevocable contract is formed. [Cits.]

*Cuba v. Hudson & Marshall, Inc.*, 213 Ga. App. 639-640 (1) (445 SE2d 386) (1994). The seller may "condition" a sale by auction as he or she deems appropriate; however, "where the seller explicitly reserves the right to reject any bid made, the contract for sale is not formed until the seller actually accepts the bid. *Rountree v. Todd*, 210 Ga. 226 (78 SE2d 499) (1953)." Id. at 640. In such a situation, the auctioneer is left without authority to accept for the seller. The fall of the hammer merely ends the bidding, and no contract is formed until the seller actually accepts the high bid. Id.

In opposition to Hudson & Marshall's motion for summary judgment, Moss submitted his own affidavit. Therein, as a person who had been present at the April 4 auction, *Crawford v. McDonald*, 125 Ga. App. 289, 291 (187 SE2d 542) (1972) (evidence on summary judgment must affirmatively show that affiant competent to testify to matters stated therein), Moss denied that Hudson & Marshall's auctioneer made an announcement at the auction to the effect that the sellers had "reserved the right to 'confirm' or otherwise approve the sale of the property after the auction." Rather than the foregoing reservation of right, Moss stated that the auctioneer announced that the sale was subject to the approval of the Shaws as to the amount of the winning bid. Otherwise the record reveals that Moss had earlier given deposition testimony wherein he maintained that the announcement of the auctioneer at the start of the auction was unqualified, i.e., that the sale of the property was subject to the approval of the sellers by the end of the auction, no other condition, inclusive of a need to realize a certain amount of money, as applicable.[2] Moss' affidavit and deposition testimony as contradictory and unexplained, the rule in

---

article or lot cannot be withdrawn unless no bid is made within a reasonable time.' OCGA § 11-2-328 (3)." *Dublin Livestock & Comm. Co. v. Day*, 178 Ga. App. 50, 51 (341 SE2d 913) (1986).

[2] Pertinently, Moss deposed:
Q: Do you recall anything during the auction that would have caused you to think maybe it was not going to be a done deal? In other words, was there anything said about the Shaws have got to approve or we have got to satisfy debt or anything along those lines?
A: No sir.
Q: Let me be more specific. Anything about a certain price had to be realized, that Ms. Shaw or Mr. Shaw, either or both, had to realize a certain amount of money, any other conditions that you would have understood from what was said at the auction on any of those sales?
A: I don't remember, sir. I don't recollect anything.

*Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986) (party-witness' unexplained self-conflicting testimony construed against the party-witness), here lies. Consequently, construing the favorable portion of Moss' testimony against him, i.e., that Hudson & Marshall's auctioneer announced no reservation of right in Shaw as the seller to accept or reject any bid made, no issue of fact for jury determination is presented on the issue. Consequently, the evidence as showing only that the auction was conducted upon a reservation of right in the seller and Moss' bid as not accepted by Shaw, no contract to sell was formed. *Cuba v. Hudson & Marshall*, supra. No contract as formed, none was breached. Under these circumstances, no error obtained upon the grant of summary judgment for Hudson & Marshall. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Speir v. Krieger*, supra at 398.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 7, 2004.

*Marc T. Treadwell*, for appellant.
*Greer & Turner, W. Dan Greer, Stewart R. Brown*, for appellees.

---

Q: Anything other than what we just said that would have caused you to think in some fashion beyond what you have already said the Shaws, either or both, had to approve the sales at the end of the day?
A: By the end of the auction, yes sir, they had to approve the sales.
Q: You understood from whatever was said by [Hudson & Marshall's auctioneer] that they had to approve by the end of the auction?
A: That's correct.