## A05A1098. ADVANCEME, INC. v. FINLEY et al.

(620 SE2d 655)

PHIPPS, Judge.

In this case seeking recovery of loaned funds, AdvanceMe, Inc. appeals the grant of summary judgment entered against it and in favor of Constance Finley. Because AdvanceMe has failed to demonstrate that Finley was not entitled to judgment as a matter of law, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We review a trial court's grant of summary judgment de novo, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Viewed in this light, the record shows that AdvanceMe entered into a merchant agreement dated July 25, 1999 with Elka's, Inc., operator of a restaurant, whereby AdvanceMe extended a loan to Elka's, Inc. The merchant agreement listed "Constance Finley/Elka Gilmore" as "owner/GM." Handwritten on the signature lines for the representative of Elka's, Inc. and for the personal guarantor of the loan was the name "Constance Finley." Upon signing these agreements on behalf of Elka's, Inc., the signatory identified the bank account into which AdvanceMe should transfer the funds. Pursuant to the merchant agreement, AdvanceMe wired funds into the designated account.

Because Elka's, Inc. thereafter defaulted on the loan, AdvanceMe sought to recover monies from Finley based on the personal guarantee. Finley denied indebtedness to AdvanceMe and filed a motion for summary judgment, claiming that her signature had been forged. In support of her motion, she filed her own affidavit stating that she had never received any funds from AdvanceMe, that she had never entered into any type of agreement with AdvanceMe, that she had not signed the merchant agreement and the personal guarantee, that Elka Gilmore had handwritten her name as Elka's, Inc.'s representative and as the personal guarantor, and that Gilmore had done so without her permission and knowledge. In further support of her motion, Finley filed an affidavit by Gilmore, wherein Gilmore claimed to be the former manager of a restaurant called "Elka's" and further admitted, "I forged the name and signature of Constance Finley to a 'Merchant Agreement' with AdvanceMe, Inc. in order to obtain a loan from AdvanceMe. I signed the document in the name of

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Constance Finley as both 'Merchant' and 'Guarantor.' I did so without the knowledge or authorization of Constance Finley."

AdvanceMe amended its complaint, adding Gilmore as a defendant and a claim of conspiracy to defraud against both defendants. After a hearing, the trial court granted Finley summary judgment.

1. Before addressing the merits of the claims of error, we note that AdvanceMe's brief fails to comply with this court's rule requiring that its factual allegations be supported by citation to the appellate record.[3] In addition, its brief suggests that parts of the record may be "missing."

It is not the function of this court to cull the record on behalf of a party; the burden is upon the party asserting error to show it affirmatively in the record.[4] Furthermore, it is the responsibility of the parties, not this court, to ensure that all documents relevant to the disposition of an appeal are duly filed with the clerk of this court before the issuance of our appellate decision.[5]

> Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.[6]

2. AdvanceMe charges the trial court with impermissibly granting, sua sponte, summary judgment to Finley on its claim that she conspired with Gilmore to defraud it. It asserts that Finley did not file a motion for summary judgment pertaining to that claim after it amended its complaint.

When entering summary judgment, the trial court must ensure that the party against whom summary judgment is rendered has been given full and fair notice and opportunity to respond to the assertions and arguments made against it.[7] In moving for summary judgment, Finley claimed that Gilmore alone had schemed to obtain money from AdvanceMe through identity deception. In its brief opposing Finley's motion for summary judgment, AdvanceMe plainly contended that, even if Finley had not been the actual signatory, she

---

[3] See Court of Appeals Rule 25 (a).

[4] *Burt, Burt & Rentz Retirement Pension Trust v. Dougherty County Tax Assessors*, 256 Ga. App. 648 (1) (569 SE2d 557) (2002).

[5] *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221) (1994).

[6] *Campbell v. Breedlove*, 244 Ga. App. 819, 821 (535 SE2d 308) (2000) (punctuation and footnote omitted).

[7] *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (1996).

nonetheless might have conspired with Gilmore to defraud it of money. A hearing was held on Finley's summary judgment motion, but despite having the burden on appeal to show error by the record,[8] AdvanceMe provided in its notice of appeal that no transcript from the motion hearing would be included in the appellate record. We cannot assume from a nonexistent or missing transcript that the trial court failed to consider AdvanceMe's claim for conspiracy to defraud.[9] AdvanceMe cites nothing in the record indicating that it was not given full and fair notice and an opportunity to pursue its conspiracy to defraud claim before summary judgment was rendered against it. Under these circumstances, we find no error in the trial court's grant of summary judgment to Finley on this claim.[10]

3. AdvanceMe contends that the trial court was without authority to determine on motion for summary judgment that the signatures at issue in this case had been forged. It first asserts that whether a writing is a forgery is a question of fact that must always be reserved for a jury. AdvanceMe provides no law supporting this assertion, and we find none.[11]

AdvanceMe next asserts that the evidence did not authorize the trial court to determine that the signatures had been forged. We disagree. In moving for summary judgment, Finley presented evidence that she had not signed the personal guarantee and had not otherwise participated in any contract involving AdvanceMe. In opposing Finley's summary judgment motion, AdvanceMe failed to point to any evidence refuting Finley's evidence that the contested signature was a forgery, despite the affidavit of its director of operations stating that based on his personal knowledge and review of AdvanceMe's records, "the personal guarantor on the contract on behalf of Elka's is Constance Finley." This affidavit failed to create a factual issue regarding Finley's claim of forgery. There is no dispute that AdvanceMe holds a personal guarantee with "Constance Finley" handwritten on the guarantor's signature line; what is at issue is whether Finley actually executed the personal guarantee. The director's affidavit does not claim that the director witnessed someone signing the personal guarantee; nor does it otherwise state that

---

[8] See *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999) (party alleging error carries burden of showing it affirmatively by the record).

[9] See id.

[10] See *J. Smith Lanier v. Acceptance Indem. Ins. Co.*, 272 Ga. App. 789, 794 (3) (612 SE2d 843) (2005).

[11] See *Richards v. Tolbert*, 232 Ga. 678 (208 SE2d 486) (1974) (question of whether will was a forgery was decided on motion for summary judgment, where no evidence was presented to refute testimony of a subscribing witness to the will that the will was not a forgery).

Finley actually executed it.[12] Consequently, the director's affidavit does not contradict Finley's evidence that the signature on the personal guarantee was forged.

On motion for summary judgment,

> the movant may prevail by (1) submitting evidence which negatives an essential element of the plaintiff's case, or (2) showing the absence of evidence supporting the case as to any essential element. If this burden is discharged by the movant, the nonmovant cannot rest on its pleadings, but instead must come forward with specific evidence giving rise to a triable issue.[13]

Under the evidence in this case, the trial court was authorized to determine that the signature had been forged.[14]

4. Finley's motion for sanctions is denied.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2005.

*Clifford H. Hardwick*, for appellant.

*Ellis, Funk, Goldberg, Labovitz & Dokson, Robert N. Dokson, Clay M. White*, for appellees.

---

[12] See *Lake v. Hamilton Bank of Dalton*, 137 Ga. App. 600, 602 (5) (224 SE2d 522) (1976).

[13] *Moss v. Hudson & Marshall, Inc.*, 267 Ga. App. 322, 323 (599 SE2d 279) (2004) (citations omitted); see *Latson v. Boaz*, 278 Ga. 113-114 (598 SE2d 485) (2004).

[14] Compare *Ham v. Ham*, 257 Ga. App. 415 (571 SE2d 441) (2002) (summary judgment precluded by conflicting evidence regarding authenticity of signature).