A05A1733. MORAN v. KIA MOTORS AMERICA, INC.
(622 SE2d 439)

BLACKBURN, Presiding Judge.

Following a jury trial, Hailey Moran appeals the trial court's grant of a directed verdict to Kia Motors America, Inc. ("Kia") for Moran's failure to prove damages in her claim for breach of warranty. Specifically, Moran contends that the trial court erred in not admitting her lay opinion testimony or her expert's testimony as to the value of her vehicle in its alleged defective condition on the date she purchased it. We disagree and affirm.

> A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test.

*Griffith v. Med. Rental Supply &c.*[1]

---

[1] *Griffith v. Med. Rental Supply &c.*, 244 Ga. App. 120 (534 SE2d 859) (2000).

So viewed, the record shows that when driving home from purchasing a new vehicle manufactured by Kia, Moran noticed that the windows did not operate properly. She took the vehicle back to Kia's dealer the following business day, and the dealer serviced the windows. Over the next six months, Moran observed the same problem recurring and took the vehicle back a total of four times for repair by Kia's dealer, each time with the dealer making a warranty repair that temporarily solved the problem. After the ultimately unsuccessful series of repairs, Moran voluntarily surrendered the vehicle to Kia's dealer and filed this claim for breach of warranty.

1. Moran contends that the trial court erred in excluding testimony offered by her expert witness as to the value of the vehicle in its defective condition on the date of sale. We disagree.

OCGA § 11-2-714 (2) defines the measure of damages under a claim for breach of warranty, in relevant part, as "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." At trial, Moran attempted to prove the value of the vehicle in its defective condition through testimony from her expert. OCGA § 24-9-67.1 (b) addresses the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in any cause of action to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if: (1) The testimony is based upon sufficient facts or data which are or will be admitted into evidence at the hearing or trial; (2) The testimony is the product of reliable principles and methods; and (3) The witness has applied the principles and methods reliably to the facts of the case.

Here, the trial court specifically ruled that Moran had not satisfied elements (2) and (3).

"The question of whether a witness is qualified to render an opinion as an expert is a legal determination for the trial court and will not be disturbed absent a manifest abuse of discretion." (Punctuation omitted.) *Williamson v. Harvey Smith, Inc.*[2] Moran's expert offered testimony based on a valuation methodology he devised with two other individuals who work in the automotive industry. Without examining Moran's vehicle, the witness based his opinion on a review

---

[2] *Williamson v. Harvey Smith, Inc.*, 246 Ga. App. 745, 748 (3) (542 SE2d 151) (2000).

of the vehicle's repair records and his own formula for adjusting certain values listed in Kelly's Blue Book. He had relied on this method for approximately one year and had testified in five to ten prior proceedings using this method.

*Daubert v. Merrell Dow Pharmaceuticals*[3] provides guidance as to the admissibility of expert testimony and lists the following factors as relevant to the analysis: whether the specialized theory or technique has been or can be tested, the theory's general acceptance in the expert community, rate of error, and peer review. *Daubert*, supra at 593-594 (II) (C). See OCGA § 24-9-67.1 (f) ("in interpreting and applying [OCGA § 24-9-67.1], the courts of this state may draw from the opinions of the United States Supreme Court in [*Daubert*]"). Although the witness testified that he found his method reliable based on his experience in the industry, there was no evidence that the witness's method had been relied upon more widely in the automotive field, nor of the method's known rate of error, nor whether it had been reviewed by qualified experts other than its creators. Based on the record before us and OCGA § 24-9-67.1 (b) and (f), we discern no abuse of discretion by the trial court. Therefore, this enumeration is without merit.

2. Moran also contends that the trial court erred in excluding her own lay opinion testimony as to the value of the defective vehicle on the date of purchase. We disagree.

"It is well settled that [the] determination of whether the witness has established sufficient opportunity for forming a correct opinion, and a proper basis for expressing his opinion, is for the trial court. Absent an abuse of discretion, the trial court's decision will not be disturbed." (Citation and punctuation omitted.) *McCorkle v. Dept. of Transp.*[4]

> [O]pinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

*Monroe v. Hyundai Motor America.*[5]

At trial, Moran testified that she had bought four or five vehicles in her life, but this was the first new vehicle she had bought. She said

---

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993).

[4] *McCorkle v. Dept. of Transp.*, 257 Ga. App. 397, 403 (3) (571 SE2d 160) (2002).

[5] *Monroe v. Hyundai Motor America*, 270 Ga. App. 477, 478 (606 SE2d 894) (2004).

she had general knowledge of vehicle prices based on ads on television and in newspapers and magazines, but there was no evidence that she had firsthand experience evaluating new vehicles with defects. Relying on *Monroe*, supra, the trial court held that Moran had not provided a sufficient foundation to testify as to the value of the vehicle in its defective condition on the date she accepted it. We discern no abuse of the trial court's discretion. See id. at 479; *Ficklin v. Hyundai Motor America*.[6]

3. Finally, Moran contends that the trial court erred in granting a directed verdict despite evidence as to the value of the defective vehicle already in the record. At trial, Moran offered hearsay testimony of the value Kia's dealer would have paid to her upon her surrender of the vehicle two days after she purchased it. The court sustained Kia's objection; moreover, "[h]earsay, even if unobjected to, proves nothing." *Results Oriented v. Crawford*.[7] Therefore, this enumeration is without merit.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 25, 2005 — 

*Krohn & Moss, Amy M. Budow, Eric S. Fortas*, for appellant.
*King & Spalding, Franklin P. Brannen, Jr.*, for appellee.

---

[6] *Ficklin v. Hyundai Motor America*, 272 Ga. App. 61, 64 (2) (611 SE2d 732) (2005).

[7] *Results Oriented v. Crawford*, 245 Ga. App. 432, 439 (1) (c) (538 SE2d 73) (2000).