A06A1282. HUDSON et al. v. SWAIN.

(639 SE2d 319)

BARNES, Judge.

Robin Hudson and Ken Hudson, individually and as parents and next friends of their minor son James Hudson, appeal the grant of summary judgment to Adrienne Swain. They contend the trial court erred by doing so because Swain pled guilty to following too closely and this was sufficient to show that she failed to exercise ordinary care. They also contend the trial court failed to properly construe the evidence in their favor as the nonmoving parties. For the reasons stated below, we affirm.

The Hudsons filed suit against Swain, contending that her negligence was the direct and proximate cause of an automobile collision, and that as a result of her negligence they sustained bodily and economic injuries. Swain answered denying liability, and after the parties conducted discovery, Swain moved for summary judgment contending that no evidence shows that she caused the injuries on which the Hudsons base their complaint. The trial court granted summary judgment to Swain, and the Hudsons appeal.

In this State,

[t]he standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When a trial court rules on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. On appeal of the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

(Citations omitted.) *Overton Apparel v. Russell Corp.*, 264 Ga. App. 306, 307 (1) (590 SE2d 260) (2003).

So construed, the evidence shows that this appeal arises from a nine-car collision on the downtown connector in Atlanta. James Hudson was a passenger in the car owned by his father, Ken Hudson, and driven by his mother, Robin Hudson. Nine cars operated by the drivers named were in a line on the highway in the following order, from last to first: (1) appellee Swain, (2) Warren, (3) Williams, (4) Corley, (5) Drusch, (6) Ross, (7) appellant Robin Hudson, (8) Lam, and (9) Chadwick. When traffic backed up, all the cars came to a sudden stop and several cars collided. The parties dispute the order of collision.

In her motion for summary judgment, Swain contended that no evidence shows that she caused the injuries on which the Hudsons base their complaint. Although Swain admitted hitting Warren's car, which was directly in front of her, she maintained that her collision with Warren's car did not cause any collision with the Hudsons' car, the sixth car in front of her.

Swain supported her motion with her affidavit and with the depositions of the Hudsons. In her affidavit she stated that she saw two collisions occur and attempted to avoid them, but struck Warren's car immediately in front of her. Warren's car then struck Williams's car a second time, the two cars having already collided once. According to Swain, her collision with Warren had no effect on the six vehicles in front of Williams, which "had already been involved in a collision."

Swain also relied upon the deposition testimony of the Hudsons. Robin Hudson testified that she knew that the car behind her stopped, but that she did not know about the cars behind that one. She did not know what went on behind her; she had "no idea" whether Williams was able to stop before she hit Corley's car; she had no way of knowing whether Warren was able to stop before hitting the Williams car; and she did not know what Swain's or Corley's cars did. She only knew that the Ross car directly behind them was able to

stop, but had "no idea" whether any of the other cars could stop. Additionally, Robin Hudson could only say that there were multiple impacts, "more than four."

In his deposition, Ken Hudson testified that Ross's car hit their car, and he believed that someone had already hit Ross's car before that. He did not know how Ross's car came to hit his car or the sequence of events that occurred before Ross's car hit his car. He did not "know who hit who first and all. All [he knew] is that we were sitting still and next thing you know, we got hit."

James Hudson testified in his deposition that he was in the back seat on the passenger's side and he had no personal knowledge of who hit whom and when. He did not know whether Swain caused the accident and did not see anything that happened behind him.

The Hudsons' response to Swain's motion relied upon affidavits from Ken Hudson and affidavits from Warren and Williams submitted in another case.[1] According to the Hudsons, these affidavits and Swain's guilty plea to following too closely show that Swain's failure to stop was the cause of their damages.

These affidavits, however, do not show that Swain's failure to stop caused the Hudsons' damages. Warren's affidavit states only that he had come to a safe stop when he was struck from behind and pushed into Williams's vehicle. He does not identify which vehicle hit him and caused him to hit Williams.

Williams states in her affidavit that she saw cars stopping in front of her and that as she was stopping, "there was a multiple car, rear-end collision involving the vehicles immediately in front of the automobile [she] was driving." She came to a complete stop without hitting the car in front of her, but then the car behind her hit her and pushed her into the car in front of her. Williams does not say whether the car in front of hers struck any other vehicle.

According to Ken Hudson's affidavit, prepared after his deposition, the two cars ahead of him and the three cars behind him all stopped safely without striking each other. Then he saw a group of three cars, driven by Williams, Warren, and Swain skidding toward the first group. This group could not stop and collided with the first group. He further stated that after the collision, he got out of his vehicle, and "observed the position of all vehicles in the collision and the damage sustained by the vehicles driven by Defendant Adrienne Swain, Michael J. Warren and Maureen Williams." "Based upon the

---

[1] Initially, the Hudsons filed suit against Williams, Warren, and Swain, but motions for summary judgment were filed by Williams and Warren asserting that the Hudsons could not prove who caused the accident. Warren's motion for summary judgment was granted, and, with Williams's motions still pending, the Hudsons dismissed that action and filed the present action under the renewal statute against only Swain.

position of the vehicles after the collision and the extent of the damage to the vehicles, it was apparent to [him] that the vehicles driven by Defendants Adrienne Swain, Michael J. Warren and Maureen Williams caused the collision." He did not know which of the second group of cars first struck the others. Swain was cited for following too closely and pled guilty to that offense.

As the Hudsons point out, the essential elements of a cause of action in negligence are:

> (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation and punctuation omitted.) *Bradley Center v. Wessner,* 250 Ga. 199, 200 (296 SE2d 693) (1982). In this case, we are concerned solely with the third element, whether a legally attributable causal connection existed between Swain's conduct and any injuries to the Hudsons.

Although the Hudsons and Swain were seemingly involved in the same collision, that does not end our inquiry. "The mere fact that an accident happened and a plaintiff was injured affords no basis for recovery unless the [Hudsons carry their] burden of proof and shows that the accident was caused by specific acts of negligence of the defendant." (Citation omitted.) *Berry v. Hamilton,* 246 Ga. App. 608, 609 (541 SE2d 428) (2000).

Thus, even assuming that Swain's guilty plea to following too closely established that she breached the duty of due care, that alone does not establish her liability to the Hudsons. Breach of duty is not enough; "[n]egligence alone is insufficient to sustain recovery." (Citation and punctuation omitted.) *Goggin v. Goldman,* 209 Ga. App. 251, 252 (433 SE2d 85) (1993). " 'No matter how negligent a party may be, if his act stands in no causal relation to the injury it is not actionable.' [Cit.]" *Kirby v. Spivey,* 167 Ga. App. 751, 756 (3) (307 SE2d 538) (1983). Therefore, the question we must address is whether the Hudsons pointed to specific evidence giving rise to a triable issue on whether Swain caused their damages. Because this is a burden they, as plaintiffs, must carry at trial, this burden is also upon them at summary judgment.

Under our law,

> [a] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Lau's Corp. v. Haskins*, supra, 261 Ga. at 491. See *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 691 (2) (458 SE2d 876) (1995) ("because appellees will bear the burden of proof at trial on the affirmative defenses raised in their motion, they could not prevail on their motions by merely demonstrating by reference to the record the absence of evidence disproving their affirmative defenses").

Disregarding Ken Hudson's competence to state his opinion on the cause of the accident based upon the positions of and the damages to the vehicles,[2] the statements in his affidavit that the last three cars caused the entire collision and all the cars had stopped without striking each other before then contradict his deposition testimony in which he stated he believed that someone had already hit Ross's car before Ross hit them, he did not know whether Williams's car hit Corley's car, did not know whether Warren hit Williams before Ross's car hit his car, did not know whether Swain's car hit Warren's car before Ross's car hit his car, did not know how Ross's car came to hit his car, did not know the sequence of events before Ross's car hit his car, did not know "who hit who first and all," and had *"no way of knowing who hit who and when."* (Emphasis supplied.)

These contradictions necessarily require application of our contradictory testimony rule: On motion for summary judgment a party's self-conflicting testimony is to be construed against him unless a reasonable explanation for the contradiction is offered. *Gentile v. Miller, Stevenson &c., Inc.*, 257 Ga. 583 (361 SE2d 383) (1987); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (1) (343 SE2d 680) (1986). As Ken Hudson offered no explanation for the contradictions, the trial court was required to eliminate the favorable portions of the contradictory testimony, take all testimony on motion for summary judgment as it then stood, and construe it in favor of the Hudsons as the parties opposing the motion in determining whether

---

[2] "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citation and punctuation omitted.) *Heath v. Rush*, 259 Ga. App. 887, 888 (578 SE2d 564) (2003).

summary judgment should be granted. *Gentile v. Miller, Stevenson &c., Inc.*, supra, 257 Ga. at 583. Although the trial court made no explicit finding regarding the contradictory testimony, application of this rule is inherent in the grant of summary judgment because without application of the rule, summary judgment would not have been authorized.

We find no error. Once the self-contradictory favorable portions of Ken Hudson's affidavit are eliminated, all the remaining evidence construed in the Hudsons' favor is not sufficient to create an issue of fact on causation because none of the remaining evidence gives rise to a triable issue on whether Swain caused the Hudsons' damages. The remaining evidence, including Swain's guilty plea, only shows that a series of collisions occurred and that Swain caused one of the collisions. Robin Hudson's deposition shows that numerous collisions occurred behind the Hudsons' car before it was struck and that she did not know who caused the collision. James Hudson's deposition showed that he also had nothing to offer on the cause of the collision, and after the contradictory portions of his affidavit are eliminated, Ken Hudson's testimony showed that he was equally unable to testify about who caused the collision; he did not know "who hit who first and all."

Further, as discussed above, neither Warren nor Williams testified that Swain's actions caused any injury to the Hudsons. Indeed, Williams testified that the cars in front of her had already collided before she was hit from the rear. Under these circumstances, no evidence contradicts Swain's testimony that she did not cause any car to collide with the Hudsons' car.

Therefore, even viewing all the facts and reasonable inferences from those facts in a light most favorable to the Hudsons, as the nonmoving parties, the trial court did not err by granting summary judgment to Swain.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 11, 2006 —
RECONSIDERATION DENIED DECEMBER 5, 2006 — ▮▮▮▮▮▮▮▮

*Hicks, Massey & Gardner, Frederick V. Massey*, for appellants.
*Jay F. Eidex*, for appellee.