## A07A0537. SMITH v. LIBERTY CHRYSLER-PLYMOUTH-DODGE, INC.
## A07A0538. SMITH v. DAIMLERCHRYSLER CORPORATION.
### (647 SE2d 315)

SMITH, Presiding Judge.

After his 1994 Chrysler LSH spun out of control and struck a steel pole in a single-car accident, Booker T. Smith brought a personal injury suit against Liberty Chrysler-Plymouth-Dodge, Inc. (Liberty) and DaimlerChrysler Corporation (Chrysler) for injuries he sustained. The trial court granted summary judgment to Liberty and Chrysler, finding that Smith's experts' opinions as to the cause of the accident were based upon speculation and conjecture. In these cases now consolidated for appeal, Smith appeals from the trial court's orders granting summary judgment to the defendants. We affirm, but we do so for a different reason: because Smith's experts were not qualified to render an opinion as to the cause of the accident.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and the evidence. *Hudson v. Swain*, 282 Ga. App. 718, 719 (639 SE2d 319) (2006). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in this light, the record reveals that Smith purchased a used Chrysler LSH from Liberty with an odometer reading of 46,247 miles. Over one year later, on November 3, 1998, around 11:30 a.m., Smith was driving the vehicle in drizzling rain when it suddenly accelerated and the steering wheel locked, causing Smith to lose control and the vehicle to spin around several times before hitting a steel pole. Smith deposed that he was not using the vehicle's cruise control and that he was driving under the speed limit.

Smith sued Chrysler and Liberty for negligence, strict liability, and breach of warranty, asserting that "the steering was defective, the accelerator was defective and the . . . air bag and [its] warning device . . . were both defective." Although he asserted that the "steering was defective," he did not allege that it caused the accident. Instead, Smith maintained that it was caused by "the accelerator stuck in an accelerating position." Liberty moved for summary judgment. But over one year later and prior to a hearing on the motion, Smith amended his complaint to add a claim against Liberty for negligent maintenance and repair. The amendment alleged that the proximate cause of the accident was a loss of control of the steering caused by an improperly fastened tie rod end and that Liberty failed to inspect and repair the tie rod end. The trial court granted Liberty's

motion for summary judgment on the breach of warranty and strict liability claims, but denied summary judgment on the newly added claim for negligent maintenance and repair, allowing Liberty to conduct discovery before again moving for summary judgment.

After additional discovery, Chrysler moved for summary judgment, and Liberty moved for summary judgment on Smith's remaining claim of negligent maintenance and repair. In opposition to those motions, Smith submitted the testimony of two experts.

Both experts opined that a loose tie rod caused Smith to lose control of the steering and that contributing factors were the failure of Liberty to inspect and properly bend the tabs on the tie rod ends and the defect created by Chrysler's failure to properly torque the tie rod ends to 74 foot-pounds of torque. Chrysler moved to exclude this testimony on grounds that the experts were not qualified to render opinions with regard to the tie rods and that their opinions were not the product of reliable principles and methods. Rather than rule on this motion, however, the trial court granted the defendants' motions for summary judgment,[1] ruling that it was disregarding the opinions of Smith's experts as speculative and conjectural.[2] The court further ruled that it would not consider a February 2006 affidavit submitted by Smith claiming that he had problems with the steering prior to the accident because it contradicted his earlier deposition testimony that he had no such problems with the steering at any time before the accident. The court determined that without this evidence, there was no genuine issue of fact with regard to proximate cause.

Smith now appeals from the grant of summary judgment to Liberty on his negligent maintenance and repair claim and the grant of summary judgment to Chrysler on his strict liability claim.

In order to establish a claim of either strict liability against Chrysler or negligent maintenance and repair against Liberty, Smith must provide evidence establishing a genuine issue as to the proximate cause of the accident. See *Owens v. Gen. Motors Corp.*, 272 Ga. App. 842, 846 (2) (613 SE2d 651) (2005) (Georgia's strict liability statute requires plaintiff to show that device's failure to operate as intended was proximate cause of injuries); *Hobday v. Galardi*, 266 Ga. App. 780, 782 (598 SE2d 350) (2004) (causation is essential element in any negligence action). The only competent evidence of the

---

[1] Apparently, Smith originally filed suit against Chrysler and Liberty in 2000, voluntarily dismissed the action in 2002, and then re-filed the complaint in 2003. The trial court ruled that because Smith's claim for breach of warranty was not subject to the renewal statute, that claim had expired and was barred by the statute of limitation.

[2] We note that the trial court relied on *Layfield v. Dept. of Transp.*, 271 Ga. App. 806 (611 SE2d 56) (2005), in support of this conclusion. But that case has since been reversed by the Georgia Supreme Court. *Layfield v. Dept. of Transp.*, 280 Ga. 848 (632 SE2d 135) (2006).

cause of the accident here was presented by Smith's experts, who opined that a loose tie rod caused Smith to lose control of the steering.

Smith's first expert was his son-in-law, James Lindsay, who had lived with Smith for the past three years. Lindsay had a two-year degree in criminal law and was a licensed minister. He was a certified police officer from 1993-1996, and had received training in accident investigation at the police academy. Lindsay stated that he had received training in automotive mechanics as an apprentice for about a year while in the Job Corps in 1972 and had not been trained in mechanics since that time. He had no training, education, or experience with regard to tie rods or how a steering column is designed, nor did he have any knowledge of how bolts are attached to a tie rod shaft. The only work Lindsay had done on a tie rod assembly was on a much older vehicle. Lindsay had never investigated any accidents involving tie rod failure, but he had once observed a military vehicle's tie rod break while he was in the military.

Smith's second expert, Larry Fowler, owned a mechanic shop and a wrecker service. Although Fowler was *not* a certified mechanic, he had worked full-time as a mechanic for 34 years, performing "work on all types of vehicles including major overhauls, front end work, drive trains, transmissions, rear ends and steering mechanisms." Fowler averred that he was familiar with the standards for the repair and maintenance of tie rods and tie rod ends of all types, including the type on Smith's vehicle. Fowler had no experience or training in accident reconstruction, but he had worked as a policeman for eight years in the late 1960s and early 1970s and had some training in investigating vehicle accidents.

"If scientific, technical, or other specialized knowledge will assist the trier of fact in any cause of action to understand the evidence or to determine a fact in issue, a witness *qualified as an expert by knowledge, skill, experience, training, or education* may testify thereto in the form of an opinion or otherwise. . . ." (Emphasis supplied.) OCGA § 24-9-67.1 (b). But "before being qualified to render an opinion, the expert witness must be qualified as to the relevant area of expertise." *Johnson v. Knebel*, 267 Ga. 853, 857 (3) (485 SE2d 451) (1997). In *Johnson*, the expert, a licensed professional engineer with expertise in the area of accident reconstruction, was qualified to give an opinion concerning the course, rate of travel, and points of impact of the vehicles involved in a collision. Id. at 858 (3). He was not qualified, however, to render an opinion on the proximate cause of physical injuries without some training or experience in deducing the effects of automobile collisions upon human passengers. Id.

The relevant area of expertise in this case includes not only accident reconstruction, but also knowledge of a vehicle's mechanics and the role of a mechanical failure in the cause of an accident.

Without this background, the experts were not qualified to determine whether the conditions they observed after the accident in their inspection of the vehicle were present before the accident or were caused by the accident itself.[3] Neither expert was qualified to render an opinion as to the cause of the accident here. Although Lindsay had experience in accident reconstruction determining a vehicle's rate of speed, course, and point of impact, he did not have adequate knowledge or experience with the mechanical aspects of the vehicle to determine if mechanical failure caused the vehicle to lose control. See, e.g., *Johnson*, supra at 858 (3). Lindsay's one-year training as an apprentice mechanic is not sufficient to establish such knowledge or experience. Lindsay also had no experience in evaluating design defects. He was not an engineer, had never worked for an automobile manufacturer, and had never designed an automobile or any parts of an automobile.

Fowler also did not possess the expertise required to render an expert opinion. Although he was an experienced mechanic and seasoned police officer, Fowler had no experience in the area of accident reconstruction, nor did he have experience in evaluating the circumstances surrounding catastrophic mechanical failure. Cf. *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502, 505 (4) (359 SE2d 412) (1987).

Because we find that neither Lindsay nor Fowler was qualified to render an expert opinion in this case, Smith has failed to present competent evidence supporting his claim that the proximate cause of the accident was a loose tie rod. We therefore affirm the trial court's grant of summary judgment to Liberty and Chrysler.

*Judgments affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MAY 30, 2007 —

*Philips & Kitchings, Richard Phillips*, for appellant.

*Brennan & Wasden, Marvin W. McGahee,* for appellee (case no. A07A0537).

*Swift, Currie, McGhee & Hiers, Anandhi S. Rajan, Mary D. Owens*, for appellee (case no. A07A0538).

---

[3] In its motion for summary judgment, Chrysler also argued that Smith "spoliated evidence when he failed to preserve the vehicle." Apparently, the vehicle's parts were sold in December 1999 and the vehicle was destroyed in February or March 2000, three years before the current suit was filed. The trial court, however, made no ruling on this ground.