A08A0040. LONG et al. v. NATARAJAN.
(662 SE2d 876)

RUFFIN, Presiding Judge.

Sandra Long and her husband ("the Longs") brought an action for battery, loss of consortium, and punitive damages against Dr. Radha Srinivasan Natarajan after Dr. Srinivasan[1] removed tissue from Long's buttock during surgery on Long's neck and shoulder. The trial court granted Dr. Srinivasan's motion for summary judgment, finding that the procedure was permitted under the terms of the consent form Long signed before her surgery. The trial court also excluded the Longs' expert affidavit. The Longs appeal and, for reasons that follow, we affirm.

1. At the outset, we note that the Longs' brief contains only one citation to the record and that none of their factual contentions is supported by reference to the record. The brief also cites Long's deposition, which is not included in the record.[2] These violations of Court of Appeals Rule 25 (a) (1), (c) (2) (i), and (c) (2) (iii) have greatly hampered our review of this case.[3] We remind counsel that our rules on the form of appellate briefs "were created not to provide an obstacle, but to aid parties in presenting their arguments in a

---

[1] The appellee refers to herself in her brief and in her affidavit as Dr. Srinivasan.

[2] See *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 416 (1) (620 SE2d 655) (2005) ("[I]t is the responsibility of the parties, not this [C]ourt, to ensure that all documents relevant to the disposition of an appeal are duly filed with the clerk of this [C]ourt before the issuance of our appellate decision.").

[3] See *All Fleet Refinishing, Inc. v. West Ga. Nat. Bank*, 280 Ga. App. 676, n. 5 (634 SE2d 802) (2006).

manner most likely to be fully and efficiently comprehended by this Court."[4] And we will not cull the record on behalf of the Longs; it is their burden to show error affirmatively in the record.[5]

2. On appeal from a grant of summary judgment, we conduct a de novo review, "view[ing] the evidence and all reasonable inferences drawn from it in [a] light most favorable to the nonmovant."[6] Summary judgment is appropriate when no genuine issue of material fact exists and the evidence "warrant[s] judgment as a matter of law."[7] The parties agree that Long scheduled surgery with Dr. Srinivasan to remove areas of lymphatic tissue from her neck and shoulder. Before the surgery, Long signed a consent and waiver form that provided:

> I acknowledge and understand that during the course of the procedure(s) . . . conditions may develop which may reasonably necessitate an extension of the original procedure(s) or the performance of procedure(s) which are unforeseen or not known to be needed at the time this consent is obtained. I therefore consent to and authorize [Dr. Srinivasan] to make the decisions concerning the performance of and to perform such procedure(s) as [she] may deem reasonably necessary or appropriate in the exercise of [her] professional judgment, including those procedures that may be unforeseen or not known to be needed at the time this consent is obtained. This consent shall also extend to the treatment of all conditions which may arise during the course of such procedures including those conditions which may be unknown or unforeseen at the time this consent is obtained.

During the surgery, Dr. Srinivasan noticed what she described as an abscess four centimeters in diameter on Long's left buttock. She decided to remove the abscess after considering its size and location and the difficulty Long had experienced being intubated for surgery. Long contends that what Dr. Srinivasan described as an abscess was merely an insect bite and that its removal resulted in a painful wound.

Dr. Srinivasan moved for summary judgment on the basis that the excision was medically necessary and thus authorized by the

---

[4] (Punctuation omitted.) *Mabra v. Deutsche Bank & Trust Co. Americas*, 277 Ga. App. 764, 766 (1) (627 SE2d 849) (2006).

[5] See *AdvanceMe*, supra; *All Fleet*, supra at 681 (4) (a).

[6] *Wellstar Health Systems v. Green*, 258 Ga. App. 86 (572 SE2d 731) (2002).

[7] Id.

consent form Long signed. In response, Long submitted the affidavit of her family practice doctor, Dr. Gregory Zakers, who stated that he had reviewed the medical records from the surgery and concluded that "[t]he removal of necrotic tissue from Sandra Long's buttocks was not medically necessary." The trial court held that the removal of the tissue from Long's buttock was permissible under the plain language of the consent form and that, because Dr. Zakers's affidavit was not admissible to refute Dr. Srinivasan's assertion of medical necessity, summary judgment was appropriate.

(a) The Longs contend that a genuine issue of material fact exists as to whether Long's written consent to unforeseen but necessary additional procedures was valid. "As a general rule, no tort is committed against a person who consents to medical treatment unless that consent is not freely obtained or is obtained by fraud."[8] Long's first argument, that she did not understand the word "necessary" in the consent form, is based solely on her deposition testimony. Because her deposition is not in the record, this argument presents no basis for reversal.[9]

The Longs then state that there is a "significant likelihood that medical records relevant to the case were altered by [Dr. Srinivasan] after the procedure was performed." They argue that this alleged alteration of the records "produces an inference that [Dr. Srinivasan] knew she had committed a tort . . . and made efforts to conceal its commission." Pretermitting whether there is any evidence in the record of alteration of certain medical records, evidence of malfeasance *after* surgery does not support a claim that Long was fraudulently induced to sign the consent form before surgery.[10] We find no merit to this enumeration.[11]

(b) The Longs also sought to establish a genuine issue of material fact by demonstrating that the excision was not medically necessary through the affidavit of Dr. Zakers. The Longs argue that the trial court erred in deciding that Dr. Zakers was not qualified to give an expert opinion. The trial court specified that it did not consider whether Dr. Zakers was qualified as an expert witness in a medical malpractice case under OCGA § 24-9-67.1 (c) because this is

---

[8] *Lloyd v. Kramer*, 233 Ga. App. 372, 375 (1) (503 SE2d 632) (1998); see OCGA § 31-9-6 (d).

[9] See *All Fleet*, supra at 678 (1).

[10] See *Wellstar*, supra at 91 (4) (consent to medical treatment valid where no evidence that any fraudulent misrepresentation was made to induce patient to sign consent form); OCGA § 31-9-6 (written consent is presumed valid absent evidence of fraudulent misrepresentation).

[11] See *Bowling v. Foster*, 254 Ga. App. 374, 379 (1) (a) (562 SE2d 776) (2002).

an action for battery rather than for medical malpractice.[12] The trial court nonetheless found that Dr. Zakers, a family practice physician who does not practice surgery, "lack[s] the requisite experience and knowledge required to give an expert opinion on whether the surgery was necessary."

A trial court has broad discretion in determining whether to admit expert testimony, and we will not reverse its ruling absent an abuse of discretion.[13] Under the standard set forth in OCGA § 24-9-67.1 and *Daubert v. Merrell Dow Pharmaceuticals*,[14] expert testimony is admissible if it is both relevant and reliable.[15] The Georgia statute provides that expert testimony is admissible if:

> (1) [t]he testimony is based upon sufficient facts or data which are or will be admitted into evidence at the hearing or trial;
> (2) [t]he testimony is the product of reliable principles and methods; and
> (3) [t]he witness has applied the principles and methods reliably to the facts of the case.[16]

Here, Dr. Zakers's affidavit was extremely brief — less than a page and a half long. He describes his medical practice as a "Family Practice" and makes no mention of any surgical training or expertise.[17] He states that he reviewed Long's medical records and concludes that the removal of the necrotic tissue from her buttocks "was not medically necessary," but does not detail his reasoning. He does not address Dr. Srinivasan's contention that the difficulty Long experienced with intubation was a factor in the decision to remove the tissue at that time rather than risk another surgery later. The

---

[12] In her brief, Dr. Srinivasan "maintains that this is most certainly a medical malpractice action" and argues that OCGA § 24-9-67.1 (c) (2) is applicable. However, as Dr. Srinivasan conceded at the summary judgment hearing, the Longs' complaint is not styled as one for medical malpractice and has no requisite affidavit attached to it. In Georgia, "a plaintiff may recover for a medical battery by establishing either: (i) that there was a lack of consent to the procedure performed; or (ii) that the treatment was at substantial variance with the consent granted." (Citations and punctuation omitted.) *Morton v. Wellstar Health System*, 288 Ga. App. 301, 302 (1) (653 SE2d 756) (2007).

[13] See *Cotten v. Phillips*, 280 Ga. App. 280, 283 (633 SE2d 655) (2006).

[14] 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993). See OCGA § 24-9-67.1 (f) (in applying OCGA § 24-9-67.1, Georgia courts "may draw from the opinions of the United States Supreme Court" in *Daubert*; *Gen. Elec. Co. v. Joiner*, 522 U. S. 136 (118 SC 512, 139 LE2d 508) (1997); *Kumho Tire Co. Ltd. v. Carmichael*, 526 U. S. 137 (119 SC 1167, 143 LE2d 238) (1999), and other federal cases applying the standard announced in these cases).

[15] See *Cotten*, supra at 286.

[16] OCGA § 24-9-67.1 (b) (1)-(3).

[17] Dr. Zakers's resume, found elsewhere in the record, likewise does not indicate any surgical training or experience.

limited information in the affidavit simply was not sufficient to allow the trial court to determine whether the testimony was reliable — that is, whether "[t]he testimony is the product of reliable principles and methods [or] . . . [t]he witness has applied the principles and methods reliably to the facts of the case."[18] Accordingly, the trial court did not abuse its discretion in deciding that Dr. Zakers's testimony was not admissible.[19] Because the Longs have not presented admissible evidence to refute Dr. Srinivasan's testimony that the procedure was medically necessary, we affirm the trial court's grant of summary judgment to Dr. Srinivasan.[20]

*Judgment affirmed. Andrews, J., concurs. Bernes, J., concurs fully and specially.*

BERNES, Judge, concurring fully and specially.

I concur fully in the majority opinion. I write separately only to emphasize that I believe that the trial court erred to the extent it concluded that the procedure on Long's buttock was authorized by the "plain language" of the signed consent, which expressly authorized the removal of lipomas from her neck and arm. The procedure on Long's buttock was authorized under the terms of the consent if and only if it was "deem[ed] reasonably necessary," an issue which required proof by extrinsic evidence. As noted in the majority opinion, the Longs failed to controvert Dr. Srinivasan's proof of medical necessity with competent evidence. Therefore, summary judgment in favor of Dr. Srinivasan was properly granted.

DECIDED JUNE 5, 2008.

*Craig J. Ehrlich*, for appellants.
*Huff, Powell & Bailey, Michael S. Bailey, Camille N. Jarman*, for appellee.

---

[18] OCGA § 24-9-67.1 (b) (2), (3); see *Moran v. Kia Motors America*, 276 Ga. App. 96, 98 (1) (622 SE2d 439) (2005).

[19] See *Moran*, supra.

[20] See *Smith v. Liberty Chrysler-Plymouth-Dodge*, 285 Ga. App. 606, 609 (647 SE2d 315) (2007).