## A10A2268. WILSON v. McNEELY.
(705 SE2d 874)

ELLINGTON, Chief Judge.

In 2000, attorney Richard McNeely represented Gary Wilson in connection with Wilson's purchase of certain real property in Emanuel County, and Wilson subsequently brought this legal malpractice action against McNeely.[1] On the eve of trial, Wilson identified his brother, Rodney Wilson, as the witness who would testify as an expert regarding the acceptable standard of conduct of an attorney in a real estate closing. McNeely moved in limine to exclude the witness's testimony, arguing that the witness did not qualify as an expert because he did not practice law at the relevant time. After empaneling a jury, the trial court conducted an evidentiary hearing on McNeely's motion in limine and granted the motion. When Wilson announced that he was not prepared to call any other witness on the issue of the applicable professional standard of care, McNeely moved for a directed verdict. Because Wilson was unable to support his malpractice claim with expert testimony as to the standard of care, the trial court granted McNeely's motion for a directed verdict. Wilson appeals pro se, contending that the trial court erred in finding that the witness was not qualified as an expert. For the reasons explained below, we affirm.

1. Expert testimony is admissible when "scientific, technical, or other specialized knowledge will assist the trier of fact . . . to understand the evidence or to determine a fact in issue." OCGA § 24-9-67.1 (b). Generally, a witness may be qualified to give such testimony by his or her "knowledge, skill, experience, training, or education[.]" Id. The Evidence Code imposes special requirements on expert testimony that is offered in a professional malpractice action on the issue of the acceptable standard of conduct of the professional whose conduct is at

---

[1] This is the third appearance of this case before this Court. See *Wilson v. McNeely*, 295 Ga. App. 41 (670 SE2d 846) (2008) (reversing a jury verdict in favor of McNeely because the trial judge should have recused herself), and *Wilson v. McNeely*, 302 Ga. App. 213 (690 SE2d 512) (2010) (vacating the dismissal of Wilson's complaint as an overly harsh sanction for his failure to supplement his discovery responses and to submit his portion of a pre-trial order).

issue. OCGA § 24-9-67.1 (c). Such testimony "shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert [w]as licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing or teaching in the profession at such time[.]" (Punctuation omitted.) OCGA § 24-9-67.1 (c) (1). As we have held, "in order to comply with the licensing requirement of OCGA § 24-9-67.1 (c) (1), an expert in a professional malpractice action must be licensed *and* practicing (or teaching) in one of the states of the United States at the time the alleged negligent act occurred." (Emphasis supplied.) *Craigo v. Azizi*, 301 Ga. App. 181, 186-187 (3) (687 SE2d 198) (2009). "The determination of whether a witness is qualified to render an opinion as an expert is a legal determination for the trial court and will not be disturbed absent a manifest abuse of discretion." (Citation and punctuation omitted.) *HNTB Georgia, Inc. v. Hamilton-King*, 287 Ga. 641, 642 (697 SE2d 770) (2010); see also *Moran v. Kia Motors America*, 276 Ga. App. 96, 97 (1) (622 SE2d 439) (2005) (accord).

In this case, it is undisputed that the witness was a member in good standing of the State Bar of Georgia at the time of McNeely's alleged negligence, although he did not have a municipal business license as an attorney or malpractice insurance coverage. On the issue of whether the witness was practicing or teaching law at the relevant time, the witness testified at the hearing on McNeely's motion in limine that he worked in a family-owned wholesale equipment distribution business, and he described his principal occupation as that of a "merchant." The witness also described himself as "somewhat corporate counsel" for that business. The witness testified, however, that, at the relevant time, he did not represent his company or any other litigant in court, although he did sometimes informally "try to help people out," did not draft or file pleadings for judicial proceedings; did not prepare deeds or other conveyancing documents; did not search property title records or issue an attorney's title certificate; and did not perform the legal tasks inherent in closing real estate transactions.[2] The witness nonetheless considered himself to be practicing law "every day[,] because the things that you learn, the things that you do, the things

---

[2] Although the witness testified about his involvement in certain real estate transactions, his testimony unequivocally establishes that he participated in those closings solely in his capacity as a buyer and that he did not prepare any deeds of conveyance, prepare closing statements, have any affidavits signed, or facilitate the execution of any deeds of conveyance for the benefit of any seller, borrower, or lender. See *In re UPL Advisory Opinion 2003-2*, 277 Ga. 472, 474 (588 SE2d 741) (2003) (Georgia law requires that an attorney be physically present to close a real estate transaction, that is, by preparing, and facilitating the execution of, deeds of conveyance for the benefit of any seller, borrower, or lender.); Daniel F. Hinkel, 3 Pindar's Georgia Real Estate Law and Procedure, § 26-139 (6th ed., updated 2010).

in life all involve the law."

The practice of law in Georgia is defined as:

> (1) Representing litigants in court and preparing pleadings and other papers incident to any action or special proceedings in any court or other judicial body;
>
> (2) Conveyancing;
>
> (3) The preparation of legal instruments of all kinds whereby a legal right is secured;
>
> (4) The rendering of opinions as to the validity or invalidity of titles to real or personal property;
>
> (5) The giving of any legal advice; and
>
> (6) Any action taken for others in any matter connected with the law.

OCGA § 15-19-50.

Although under this definition a licensed attorney may practice law while representing the interests of a single client, as many in-house corporate attorneys do,[3] the record in this case authorized the trial court to find that, at the time of McNeely's alleged negligence, Wilson's witness was not engaged in any of the activities that constitute practicing law in Georgia. As a result, the trial court did not abuse its discretion in granting McNeely's motion in limine. *McGuire Holdings v. TSQ Partners*, 290 Ga. App. 595, 598-599 (1) (b) (660 SE2d 397) (2008); *Smith v. Liberty Chrysler-Plymouth-Dodge*, 285 Ga. App. 606, 608-609 (647 SE2d 315) (2007); *Moran v. Kia Motors America*, 276 Ga. App. at 98 (1).

2. Wilson contends the trial court erred in applying OCGA § 24-9-67.1 (c) (2),[4] which applies to medical malpractice actions, to his case for legal malpractice. In its order, the trial court determined that Wilson failed to show that, in addition to having been licensed

---

[3] See *AFLAC, Inc. v. Williams*, 264 Ga. 351, 353 (1) (444 SE2d 314) (1994).

[4] OCGA § 24-9-67.1 (c) (2) provides:

In the case of a medical malpractice action, [the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible, among other requirements, only if, at the time the act or omission is alleged to have occurred, such expert] had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or

(B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teaching of such profession, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in teaching others how to perform

YALE LAW LIBRARY

by the State Bar of Georgia, the witness was practicing law in Georgia at the time of McNeely's alleged negligence and, therefore, that Wilson failed to show that his witness was qualified to testify as an expert in his legal malpractice action under the standards set out in OCGA § 24-9-67.1. See Division 1, supra. In a footnote, the court went on to say:

> By analogy[,] the medical malpractice expert requirement under OCGA § 24-9-67.1 (c) (2) (D) could be applied in the legal arena. For example, just because you graduated from medical school AND obtained a license to practice medicine, does not, in and of itself, qualify you to testify in all areas of medical specialty in which you have no specialized training and/or experience; i.e.[,] a general practitioner is not an expert in cardiology[,] and so on.

As Wilson contends, OCGA § 24-9-67.1 (c) (2) by its plain terms applies only in cases of alleged medical malpractice. It would be error, therefore, to require that an attorney witness who was qualified under OCGA § 24-9-67.1 (c) (1) was nevertheless not qualified because his or her credentials did not satisfy a legal-arena equivalent of the standards set out in OCGA § 24-9-67.1 (c) (2) for the medical field. Having reviewed the proceedings, however, we conclude that the trial court's misguided "analogy" did not result in reversible error and that the trial court did not abuse its discretion in granting McNeely's motion in limine, for the reasons explained in Division 1, supra.

3. Wilson contends the trial court failed to show him deference as

---

the procedure, diagnose the condition, or render the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; and

(C) Except as provided in subparagraph (D) of this paragraph:

(i) Is a member of the same profession;

(ii) Is a medical doctor testifying as to the standard of care of a defendant who is a doctor of osteopathy; or

(iii) Is a doctor of osteopathy testifying as to the standard of care of a defendant who is a medical doctor; and

(D) Notwithstanding any other provision of this Code section, an expert who is a physician and, as a result of having, during at least three of the last five years immediately preceding the time the act or omission is alleged to have occurred, supervised, taught, or instructed nurses, nurse practitioners, certified registered nurse anesthetists, nurse midwives, physician assistants, physical therapists, occupational therapists, or medical support staff, has knowledge of the standard of care of that health care provider under the circumstances at issue shall be competent to testify as to the standard of that health care provider. However, a nurse, nurse practitioner, certified registered nurse anesthetist, nurse midwife, physician assistant, physical therapist, occupational therapist, or medical support staff shall not be competent to testify as to the standard of care of a physician.

YALE LAW LIBRARY

a pro se litigant but, rather, held him to a higher standard of courtroom procedure than it would have applied to a seasoned lawyer. Specifically, Wilson contends that the trial court erred when it refused to allow the witness to "give open colloquy and discussion" but, instead, required Wilson to ask the witness specific questions; refused to allow the witness to help him formulate questions; and refused to let the witness explain that a judge previously assigned to the case had said that the witness was qualified as an expert. As a matter of public policy, Georgia courts generally strive to resolve legal disputes on the merits, rather than on the punctilious enforcement of procedural rules and, therefore, may defer to a litigant's pro se status. *Riley v. Ga. Dept. of Revenue*, 295 Ga. App. 656, 657 (673 SE2d 49) (2009); *Davis v. Lugenbeel*, 283 Ga. App. 642, 645 (642 SE2d 337) (2007); *Oduok v. Phillips*, 269 Ga. App. 583, 584 (1) (604 SE2d 633) (2004). Still, pro se litigants are not exempt from the rules of evidence and applicable burdens of proof. *Riley v. Ga. Dept. of Revenue*, 295 Ga. App. at 657; *Dockens v. Runkle Consulting*, 285 Ga. App. 896, 899 (1) (d) (648 SE2d 80) (2007). Furthermore, the trial court in this case repeatedly accommodated Wilson's procedural defaults, including his failures to file his portion of the pretrial order, to timely identify his expert, and to appear for a pretrial status conference. Having reviewed the proceedings, we discern no abuse of the trial court's discretion.

*Judgment affirmed. Andrews and Doyle, JJ., concur.*

DECIDED JANUARY 24, 2011 —
RECONSIDERATION DENIED FEBRUARY 16, 2011 —

Gary N. Wilson, *pro se*.

*Brown, Rountree & Stewart, Charles H. Brown, Laura H. Wheaton*, for appellee.